[No. 362.   Decided March 7, 1892.]

SEATTLE & MONTANA RAILWAY COMPANY, *Petitioner and: Respondent*, v. PATRICK O'MEARA *et al., Appellants..*

CONDEMNATION PROCEEDINGS—LIMITATION OF APPEAL—SPECIAL STATUTE—REPEAL BY IMPLICATION.

Section 9 of the act of March 21, 1890 (Laws 1889–90, p: 300), providing that either party "may" appeal from the judgment for damages entered in condemnation proceedings within thirty days, must, be construed to mean that the appeal "must" be prosecuted within, that period.

The provision of the act of March 21, 1890, regulating appeals in condemnation proceedings, being a special enactment, it is not repealed by the general statute of 1891 (Laws 1891, ch. 146, § 2) providing that in civil actions and proceedings appeals shall be prosecuted, within six months after judgment.

*Appeal from Superior Court, King County.*

Proceeding by the Seattle & Montana Railway Company against Patrick O'Meara and others for the condemnation of land for the uses of its railway. Decree appropriating lands and awarding judgment for damages to defendants, from which decree and judgment defendants appeal.

*Strudwick & Peters,* and *Sidney M. Van Wyck;* for appellants.

*Burke, Shepard & Woods,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Respondent moves to dismiss this appeal for the reason that it was not prosecuted within the time prescribed by law, it being over thirty days from the rendition of judgment. Sec. 2, chapter 146, Laws of 1891, being a general law covering appeals to the supreme court, provides that in civil actions and proceedings appeals shall be prosecuted within six months after the rendition of the decision, order or judgment complained of.   While § 9 of

an act in relation to regulating the mode of procedure to appropriate lands, real estate or property by corporations, for corporate purposes, and of ascertaining and securing compensation therefor, approved March 21, 1890, provides that either party may appeal from the judgment for damages entered in the superior court within thirty days after the entry of the judgment aforesaid. There can be no force in the suggestion that the use of the word "may" in a former act implies simply a permission to the appellant to appeal within thirty days. For, outside of the ordinary construction of the word there was nothing in the general appeal law in force at the time of the passage of the act of 1890 to prevent the appeal from being taken within thirty days, or any shorter time, so that there could have been no reason for such a provision. The provision must be construed to mean "must" appeal within thirty days, so that the only question involved is whether the general law regulating appeals repeals the former special law. We think there is nothing repugnant in the statutes, and that they can both stand. The general rule is, as stated in *Meade v. French* (*ante* p. 11), decided by this court, at this term, that the general statute will not repeal a special one, and we think there is nothing to take this case out of the rule. One is a statute regulating appeals generally, the other is concerning appeals in a special case. In suits of this character frequently great public interests are involved, and the effects of the statute reach beyond the parties litigant. It can reasonably be presumed that the legislature appreciated the necessity of a speedy adjustment of the rights involved in this character of cases, and that having made such provisions for them they did not intend that those provisions should be annulled by any general legislation which did not specifically repeal them.

The motion will be granted and the appeal dismissed.

ANDERS, C. J., and HOYT, STILES and SCOTT, JJ., concur.