# Richmond.

PRICE, AUDITOR, V. SMITH.

APRIL 9, 1896.

1. MANDAMUS—*Jurisdiction of Court of Appeals—Writ of Error—Matters not Pecuniary.*—The Court of Appeals has jurisdiction under Article VI., section 2, of the Constitution, and the laws passed in pursuance thereof, of writs of error in proceedings by *mandamus*, although the amount involved is less than five hundred dollars. A *mandamus*, in a proper case, always involves some matter not merely pecuniary. The Constitution does not *proprio vigore* confer the jurisdiction, but sections 3454 and 3455 of the Code carry into effect the constitutional provision.

2. JAILOR'S FEES—*Heating Jail.*—It is the duty of the jailor to provide fuel to warm the jail when necessary, and the cost thereof is to be paid by him. The *per diem* for board of prisoners is fixed by statute, and covers this expense. The board of State prisoners is paid out of the State treasury, but that of prisoners charged with the violation of the ordinances of any city or town, or taken on a *capias* for failure to pay a fine imposed for a violation of such ordinances is at the same rate as for State prisoners, and is payable out of the treasury of such city or town.

Error to a judgment of the Corporation Court of the city of Alexandria, rendered December 4, 1893, in a proceeding by *mandamus*, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Samuel G. Brent,* for the plaintiff in error.

*A. W. Armstrong* and *F. L. Smith,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The first question to be determined is the right of this court to take jurisdiction by writ of error in a *mandamus* proceeding where the amount involved is less than $500. It is insisted that the matter in controversy is merely pecuniary, and, being for a sum less than $500, there can be no writ of error.

Section 2, Article VI., of the Constitution of Virginia, in declaring the jurisdiction of this court, says: " It shall have appellate jurisdiction only, except in cases of *habeas corpus, mandamus* and prohibition." The Constitution regulates the character of the jurisdiction, whether original or appellate, which this court may exercise, and restricts the power of the Legislature so as to prevent it from conferring original jurisdiction of any other character; but that jurisdiction, whether original or appellate, must still be regulated by law. The Legislature must carry into effect the constitutional provision by appropriate enactments. The Constitution does not *proprio vigore* confer jurisdiction upon this court, and, therefore, whatever jurisdiction it exercises must be by virtue of statutory authority made in pursuance of the Constitution. *Barnett* v. *Meredith, Judge,* 10 Gratt. 650; *Page* v. *Clopton, Judge,* 30 Gratt. 415, 417; *Gresham* v. *Newell, Judge,* 84 Va. 784.

The Legislature has, from time to time, enacted appropriate legislation touching the matter of the jurisdiction of this court.

Sections 3454 and 3455 of the Code of 1887, taken together, provide in what cases a petition for appeal, writ of error, or *supersedeas,* may be presented. Section 3454 by itself would give jurisdiction to this court in every case; but this power is limited by section 3455, which provides in what cases such right of appeal, writ of error, or *supersedeas* is prohibited.

.Section 3454, therefore, secures the right to a writ of error in the case at bar, unless it is prohibited by section 3455. This section prohibits an appeal where the petition is presented more than one year after the final judgment or decree, where the judgment complained of is rendered by a county or corporation court on an appeal from a justice, and where the judgment or decree or order of any court, is for a matter less in value than five hundred dollars, exclusive of costs, unless there be drawn in question a freehold or franchise, or the title or bounds of lands, or some matter not merely pecuniary. The words "*or some matter not merely pecuniary*," which appear in the act, are not found in the Constitution, hence those words, as used in the statute, mean only such "*matters not merely pecuniary*" as are enumerated in the Constitution.

Among the "*matters not merely pecuniary*" enumerated in Article VI., section 2 of the Constitution, as to which jurisdiction is conferred upon this court, are cases of "*mandamus*."

The Court of Appeals is invested with original jurisdiction to award the writ of *mandamus* in all cases, without regard to the amount involved, and it would be remarkable if the Legislature intended to prohibit review, or not allow it, in cases of *mandamus* where the court below, in the exercise of its jurisdiction, has erred.

The writ of *mandamus* is an extraordinary remedy, never permissible where any other proceeding is adequate. It always involves some matter not merely pecuniary—otherwise one of the ordinary remedies would suffice—and most frequently some question of public importance. For this reason, no doubt, the framers of the Constitution thought it wise to confer upon the court of last resort jurisdiction in all such cases, and the Legislature has carried this constitutional provision into effect by providing that there may be an appeal, writ of error, or *supersedeas* in cases where there is drawn in question some matter not merely pecuniary, refer-

ring, as already stated, only to such matters not merely pecuniary as are enumerated in Article VI., section 2 of the Constitution.

The Corporation Court of the city of Alexandria entered an order allowing an account in favor of the Sergeant of said city, who is *ex officio* its jailor, amounting to $162.96, for fuel furnished the city jail, and ordered the same to be certified to the Auditor of the city for payment.

The Auditor referred the matter to the City Council, and that body refused to allow the account to be paid. Thereupon the Sergeant presented his petition to the Corporation Court of the city of Alexandria praying for a *mandamus*, which was awarded, to compel the Auditor to draw a warrant on the Treasurer of the city, in favor of the petitioner, for the sum of $162.96, in payment of the account.

The question presented is whether or not there is any authority of law for requiring the city of Alexandria to furnish the jailor of that city with the fuel used in its jail.

It is insisted that this charge is imposed upon the city by authority of the general laws found in the Code prescribing the duties and providing the compensation of the jailor.

Section 928 of the Code provides that:

" The jailor shall cause all the apartments of his jail to be well white-washed, at least twice in every year, and have the same properly aired and always kept clean. He shall furnish every prisoner with wholesome and sufficient food, and with a bed and bedding, cleanly and sufficient, *and have his apartments warmed when it is proper*. In case of the sickness of any prisoner, he shall provide for him adequate nursing and attendance, and if there be occasion for it, and circumstances will admit, shall confine him in an apartment separate from other prisoners. In no case shall a jailor permit the intemperate use of ardent spirits in his jail."

The only compensation allowed by law to the jailor for the performance of the duties prescribed in section 928 is found in section 3532 of the Code, which provides as follows: " For receiving a prisoner in jail when first committed, twenty-five cents; for keeping and supporting him therein,

for each day, forty cents; but when there are as many as three and less than ten prisoners, thirty cents for each per day, and when there are ten or more persons in jail, for each, twenty-five cents" per day.

These statutes clearly prescribe the duties of the jailor, and with equal clearness provide what his compensation shall be for discharging those duties, and nowhere do we find authority for holding that it is the duty of the city to furnish the fuel necessary to cook for the prisoners, or to keep them warm. On the contrary, it is expressly provided that *the jailor shall furnish every prisoner with wholesome and sufficient food, and have his apartments warmed when it is proper*, and the only compensation therefor is provided, as already stated, by section 3532.

If the Legislature had intended to provide that the jailor should be furnished with the fuel to keep the jail warm it would have said so in plain and explicit language; for, in other instances, when it was intended to furnish prisoners with comforts or attention not required of the jailor, it is expressly so declared, as in section 4079, which makes provision for the payment of medical attendance and clothing furnished prisoners. The jailor might ask the court to pay for lights, servants' hire or food with as much propriety as he can demand payment for the fuel used in warming the jail.

Under section 3527 of the Code, the cost of keeping and supporting prisoners in jail is paid by the Commonwealth, it being there provided that the fees of sergeants and sheriffs, who are *ex officio* the jailors, shall be paid out of the treasury. Section 3532 has been amended by an act passed February 24, 1890 (Acts 1889–90, page 79), so as to provide that "no payment shall be made out of the treasury for receiving, keeping and supporting any prisoner committed to jail for a violation of the ordinances of any city or town, or who is in jail under a *capias pro fine*, issued for a failure to pay a fine imposed for a violation of such ordinances."

The account, payment of which is demanded of the city of Alexandria, is for fuel used in the jail from April 10, 1892, to May 19, 1893.   The record does not show what proportion of the prisoners, if any, in jail during that time, were committed for violation of city ordinances.   There could have been no charge upon the city for the support of any of the prisoners, except such as were there for the violation of its ordinances, and as to them the jailor could only receive such compensation as is provided by law.

It follows that it was error in the Corporation Court to award the *mandamus* prayed for in the petition, and its judgment must therefore be set aside, and this court will enter an order dismissing the petition.

*Reversed.*