UNITED STATES v. TENNANT et al.

(District Court, D. Washington, N. D. March 25, 1899.)

CONDEMNATION OF LAND BY UNITED STATES FOR FORTIFICATIONS—PROCEDURE —NEW TRIAL.

The statutes of Washington which prescribe a special procedure for the condemnation of land by the state for public use (Ballinger's Ann. Codes & St. tit. 31, c. 5, § 5616 et seq.), to which the general practice in civil actions is not applicable, do not authorize the trial court to set aside the verdict of a jury awarding damages to the landowner, but provide that the amount of the award shall be subject to review by the supreme court on appeal; and under 1 Supp. Rev. St. (2d Ed.) pp. 601, 780, requiring proceedings by the United States for the condemnation of land required for fortifications to conform, as near as may be, to the state practice in such cases, a district court, in such a proceeding, has no power to set aside a verdict and grant a new trial on the ground that the amount awarded a landowner is excessive.

On Motion to Set Aside a Verdict and for a New Trial.

Wilson R. Gay, U. S. Atty.

Ellis De Bruler and Scott & McNeny, for defendants.

HANFORD, District Judge. This is a proceeding for the condemnation of land necessary as a site for fortifications to protect the government dry dock at Port Orchard. A special jury was impaneled, and the question as to the compensation to be rendered by the government to each separate owner of the several tracts of land required was fixed by a separate verdict, after hearing the testimony of witnesses called by the government and by the owners, respectively. In favor of Mrs. Theresa Wood, the owner of several tracts of land, containing in the aggregate about 118 acres, the jury rendered a verdict for the sum of $4,600, and the United States attorney has moved to set aside the verdict, and for a new trial, on the ground that the compensation awarded is excessive. Considering the testimony as to the character and value of Mrs. Wood's land, and the comparative value of other land in the vicinity, I consider that the sum of $4,600 is largely in excess of the present market value of the land, and is more than she is justly entitled to receive from the government as damages for the taking of her property, and, if I believed that the law authorized the granting of a new trial and the resubmission of the question of compensation to another jury, I would not hesitate to grant the motion of the United States attorney. But the laws of the United States provide that proceedings for the condemnation of land required for fortifications shall conform, as near as may be, to the practice in condemnation proceedings in the courts of the state in which the land is situated, prescribed by the laws of the state. 1 Supp. Rev. St. U. S. (2d Ed.) pp. 601, 780. Therefore, the form of procedure prescribed by the laws of this state in cases of appropria-

tion of property by the state furnishes a guide which the court must follow, as near as may be, in the proceedings for acquiring titles from private owners to real estate required by the United States government, and fixing the compensation to be paid therefor.    See Ballinger's Ann. Codes & St. Wash. tit. 31, c. 5, § 5616 et seq.    This chapter of the Code prescribes a special proceeding, and the general rules of procedure governing the trial of civil actions is not applicable in condemnation cases.    Railway Co. v. O'Meara, 4 Wash. 17, 29 Pac. 835. The chapter contains no provision expressly conferring power upon the trial court to set aside the verdict of a jury or grant a new trial, and a strong implication that such power is denied by the legislature arises from section 5624, relating to appeals, which provides that an "appeal shall bring before the supreme court the propriety and justness of the amount of damage in respect to the parties to the appeal." I consider that since the law requires the appellate court to review the decision of the jury as to the justness of the amount of damages awarded, and as the proceeding is of a summary character, it would be an unwarranted assumption of power for the trial court to interpose by calling a second jury to try again the issue between the government and the property owner as to the amount to be rendered as compensation to the owner.    The provisions of the chapter throughout are consistent with the theory that the determination of the jury as to the amount to be awarded to an owner of property taken for public use may be reviewed by the appellate court, but not by the judge presiding at the trial, and that there is to be no second trial. Section 5620 seems to be mandatory in providing that:

"Upon the verdict of the jury, judgment shall be entered for the amount of the damages awarded to such owner or owners, respectively, and to all tenants, encumbrancers, and others interested for taking such land, real estate, or premises."

The most significant provisions, however, are in section 5622.    The last clause of this section seems to require the appellate court to finally determine the matter in issue as to the amount of damages, instead of remanding cases which have been appealed for retrial. The language of this clause is as follows:

"Provided, that in cases of an appeal to the supreme court of the state by any party to the proceedings, the money so paid into the superior court by the state as aforesaid, shall remain in the custody of said court until the final determination of the proceedings by the said supreme court."

The section also plainly provides that upon an appeal by the owner he may "recover a greater amount of damages," and presumably the damages may be reduced if the government appeals, as it may.    In the absence of anything more explicit, it is my opinion that this section must be construed as a direction to the appellate court to finally determine the question as to the amount of damages, and, if the damages assessed in the court of original jurisdiction appear to have been unjust, it is to fix definitely and finally the amount of the damages, and render a final judgment.    Consistently with this opinion, the motion of the United States attorney for a new trial in this court must be denied.