[No. 3385.  Decided February 13, 1900.]

WESTERN AMERICAN COMPANY, *Respondent,* v. ST. ANN COMPANY, *Appellant.*

EMINENT DOMAIN—APPEALS.

The statute upon the subject of condemnation proceedings being a complete act within itself and containing a special enactment upon the subject of appeals in such proceedings, the general law regulating appeals is inapplicable.

SAME—WHAT MATTERS REVIEWABLE.

Under Bal. Code, § 5643, which provides for the release and discharge of the corporation which has appropriated land from all further liability upon payment into court of the damages assessed "unless upon appeal the owner shall recover a greater amount of damages"; and under § 5645, which provides that either party may appeal from the judgment for damages entered in the superior court within thirty days after the entry of judgment, and such appeal shall bring before the supreme court the propriety and justice of the amount of damages, no question can be raised upon appeal in condemnation proceedings other than as to the amount of damages.

CONSTITUTIONAL LAW—SELF-EXECUTING POWERS—APPEALS.

The constitutional provision (art. 4, § 4) conferring on the supreme court "appellate jurisdiction in all cases and proceedings," with certain exceptions, is not self-executing, but confers a power which is dormant until methods of appeal shall be prescribed by the legislature or by the rules of the court itself.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge.  Affirmed.

*Ballinger, Ronald & Battle,* for appellant.

*Charles S. Fogg* and *Fred S. Fogg,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from a judgment in a proceeding which was brought on the petition of the respondent for the condemnation of a right of way across

certain land, and the points urged by appellant are: First, that the land sought to be condemned is attempted to be appropriated for a private, and not a public, use; second, that the respondent is not authorized by its charter to condemn said right of way or exercise the right of eminent domain for the uses set forth in its petition; third, that the respondent is estopped, for certain reasons, from claiming the right of eminent domain.

It is urged by the respondent that the appeal in this case cannot be entertained, for the reason that the statutory provision for an appeal in condemnation proceedings is limited to an appeal from the amount of damages. We think this view of the law is correct. The right of appeal, in the absence of constitutional provision, which we will hereafter discuss, is purely statutory; and while the courts always have sought, and probably ought to seek, to sustain the right of appeal, rather than to refuse it, it must be ascertained from the statute if such right is bestowed. Section 5645, Bal. Code, which is the chapter relating to condemnation proceedings, provides as follows:

"Either party may appeal from the judgment for damages entered in the superior court to the supreme court of the state within thirty days· after the entry of judgment as aforesaid, and such appeal shall bring before the supreme court the propriety and justness of the amount of damages in respect to the parties to the appeal."

If, as contended by appellant, the general statute in relation to appeals was intended to apply to these proceedings, the statement just quoted from the statute would have been unnecessary, for the appeal, in any event, would have brought before this court the propriety and justness of the amount of damages, which, as a general rule, is the real subject of controversy; and we cannot place the construction contended for by the appellant upon this statute without imputing to the legislature the weakness

of incorporating a statement into an enactment which had no legal effect upon such enactment. This is a special law, and was not repealed or affected in any way by the general law in relation to appeals. This court, in *Seattle & Montana Ry. Co. v. O'Meara,* 4 Wash. 17 (29 Pac. 835), held that the provision of the act of March 21, 1890, regulating appeals in condemnation proceedings, being a special enactment, is not repealed by the general statute of 1891, and that the special act provided that an appeal from condemnation proceedings should be taken within thirty days, and the time of appeal in such proceedings was not extended by the law of 1891, which provided that in civil actions and proceedings appeals shall be prosecuted within six months after judgment. This is a complete act within itself, and the provision in relation to appeals seems to be complete and independent. This view is strengthened by § 5643, Bal. Code, which provides that,

"Upon the entry of judgment upon the verdict of the jury, or the decision of the court, or judge thereof, awarding damages, as hereinbefore prescribed, the petitioner, or any officer of or other person duly appointed by said corporation, may make payment of the damages assessed to the parties entitled to the same, and of the costs of the proceedings, by depositing the same with the clerk of the said superior court, to be paid out under the direction of the court, or judge thereof; and upon making such payment into the court of the damages assessed and allowed, and of the costs to any land, real estate, premises or other property mentioned in said petition, such corporation shall be released and discharged from any and all further liability therefor, unless upon appeal the owner, or other person or party interested, shall recover a greater amount of damages; and in that case, only for the amount in excess of the sum paid into said court, and the costs of appeal."

The whole act seems to indicate that the question to be determined on appeal is the question of damages alone. It is argued by the respondent that, inasmuch as the law

makes the question of public use a judicial question, it must be contemplated that that judicial question is to be settled by the appellate court; but we do not see any particular merit in this contention, for questions which the law submits to the exclusive jurisdiction of the superior courts may be as purely judicial questions as though they were tried in this court.

It is also contended that the word "propriety," in the statute which we have just cited, should be interpreted as meaning the legal right to appropriate, but we do not doubt that the word was used by the legislature in the sense of propriety as to the amount of damages.

But a more important and far-reaching contention is made, that under the provision of the constitution the right of appeal has been conferred upon the supreme court, and that it is not within the power of the legislature to diminish or restrict that right. Section 4 of article 4 of the constitution provides that the supreme court shall have original jurisdiction in habeas corpus and quo warranto and mandamus as to all state officers, and appellate jurisdiction in all cases and proceedings, with certain exceptions; so that the pertinent question here is, is that portion of the constitution conferring appellate jurisdiction in all cases and proceedings upon the supreme court self-executing, or does it require action upon the part of the legislature to make it effective? It is insisted by the respondent that, until proper laws and rules of procedure are enacted and promulgated, there is no way whereby a litigant can set the appellate powers of this court in motion, and that certain rules of procedure must be prescribed by statute, in order to bring the case properly before this court. It is insisted, and with some force, that, if the provision were self-executing, no statute would be needed to enable the court to exercise its appellate jurisdiction, and it would

follow that each party seeking reversal or modification of an order or judgment tried would be at liberty to pursue his own method, and this would lead to a very diversified practice. This seems to have been the view of the authorities cited by the respondent. In *Roback v. Taylor,* 2 Bond, 36, in construing the provisions of the constitution of the United States declaring the judicial power extended to cases arising under the laws of the United States, it was said by the court that the clause of the constitution relied on as conferring jurisdiction in cases arising under the laws of the United States, does not import a self-executing power. It belongs clearly to that class of powers, of which there are many in the constitution, which are dormant and inoperative until vitality and vigor are imparted to them by action of the legislative department of the government.

In *Price v. Smith,* 93 Va. 14 (24 S. E. 474), it was held that the provisions of the constitution providing that the court of appeals shall have appellate jurisdiction only, except in habeas corpus, mandamus and prohibition, is not self-acting, so as to confer jurisdiction on the court of appeals in mandamus before the provision is carried into effect by legislation. The court in that case, discussing these provisions, said,

" Section 2, art. 6 of the constitution of ,Virginia, in declaring the jurisdiction of this court, says: 'It shall have appellate jurisdiction only, except in cases of habeas corpus, mandamus and prohibition.' The constitution regulates the character of the jurisdiction, whether original or appellate, which this court may exercise, and restricts the power of the legislature so as to prevent it from conferring original jurisdiction of any other character; but that jurisdiction, whether original or appellate, must still be regulated by law. The legislature must carry into effect the constitutional provision, by appropriate enactments."

In *State ex rel. Moncure v. Dubuclet*, 28 La. An. 698, where there was an attempt to institute a contest where there was no provision of law for such contest, the court said:

"But it would seem the relator himself relies chiefly on article ten of the state constitution, which declares that 'all courts shall be open, and every person for injury done him in his lands, goods, person or reputation shall have adequate remedy by due process of law, and justice administered without denial or unreasonable delay.' . . . The article is silent as to how justice shall be administered. Yet, in seeking the adequate remedy, due process of law must be followed; justice is to be administered by due process of law. It is for the legislature to prescribe the due process of law; to establish and define, . . . If the law-maker has omitted to enact the law under which proceedings in such cases are to be conducted, it is a *casus omissus* which the courts cannot supply. In civil government, rights are enforced by rules and methods having the authority of law, and they can be legally enforced in no other way. The high behests of the organic law are not always self enforcing; the manner in which its commands are to be obeyed is often left to be provided by the legislative branch of the government. To this branch of the state government the organic law delegates the power to prescribe rules and principles by which its provisions are to be made practically useful, and especially so when the organic law itself is silent on the subject. Without such prescribed rules established by law, courts have no guide by which to proceed in their investigation of litigated questions brought before them."

It will not be necessary, however, to go to the extent of these cases in holding the appeal untenable in this case; for the case which the appellant cites and relies upon, viz., *Appeal of Houghton*, 42 Cal. 35, while it holds that the appellate jurisdiction of the supreme court exists and is capable of assertion independently of legislative aid, yet decides that the machinery by which the appeal is made ef-

fective, and by which the case is carried to the supreme court, must either be provided by the legislature or by the rules of the court already promulgated. This is shown by the concurring opinion of Judge WALLACE, who said:

"This court, nevertheless, exercised its appellate power over such judgments, through the instrumentality of appeals and writs of error prescribed and regulated under its own rules, and by its own authority. (Vide Rules Supreme Court of California, adopted October Term, 1854, Vol. 4, Cal. R.) But whether it be under a statute or under a rule of court, it is clear that, unless the one or the other has authorized an appeal to be taken in cases of a particular class or character, no appeal, in such cases, can be entertained here, even though such cases be, in themselves, cases within the appellate jurisdiction of the court, as defined by the constitution."

The appeal in that case was dismissed on the grounds as stated by the appellant in his supplemental brief. We are not able to discover that the other two cases cited, viz., *Rencher v. Anderson*, 93 N. C. 105, and *Titus v. Latimer*, 5 Tex. 433, bear upon the proposition discussed here.

It is our opinion that, at least in the absence of a prescribed method of appeal, designated either by the legislature or by the rules of this court, an appeal cannot be entertained. The wisdom or unwisdom of not providing for an appeal in cases of this character is a matter which is submitted to the discretion of the legislature.

There being no question raised here as to the amount of the damages assessed, the judgment is affirmed.

GORDON, C. J., and REAVIS, J., concur.

FULLERTON, J., dissents.