## UNITED STATES v. FREEMAN et al.

(District Court, D. Washington, N. D.   January 13, 1902.)

**1. EMINENT DOMAIN—DAMAGES—EVIDENCE—ADMISSIBILITY.**

On an issue as to the damages sustained by owners of property taken by the government in condemnation proceedings, evidence showing the price fixed by agreement and paid by the government for an adjoining tract several years back should be excluded, as likely to be misleading.

**2. SAME—INSPECTION OF PROPERTY BY JURY—MISCONDUCT.**

In a condemnation proceeding, where the jury impaneled to assess the damages were taken to view the land, the fact alone that they were also conducted over adjoining property was not ground for setting aside their verdict, where it did not appear that they were misinformed as to the identity of the land, or that there was any intentional misconduct on the part of the engineer accompanying them.

**3. SAME—SETTING ASIDE VERDICT—POWER OF COURT.**

The statutes of the state of Washington respecting condemnation proceedings prescribe a special procedure distinct from the practice in civil actions, and the provisions of the civil practice act authorizing courts in which actions are tried to set aside verdicts for error in assessment of damages are not applicable, and do not authorize the same courts to grant new trials in condemnation cases.

**4. SAME.**

2 Ballinger's Ann. Codes & St. Wash. § 5616 et seq., relating to condemnation proceedings, does not in express terms nor by any fair implication authorize a court of original jurisdiction to set aside the verdict of the jury for error in assessment of damages or to grant a new trial.

**5. SAME.**

The laws of Washington requiring the compensation to be paid to an owner of property condemned for public use to be determined by a jury, by authorizing an appeal and specially conferring power on the appellate court to pass on the justness of the award, in effect denies the right of a court of original jurisdiction to set aside the jury's verdict.

**6. SAME—CONSTITUTIONALITY OF STATUTE ALLOWING APPEAL.**

The statute of Washington relating to condemnation proceedings, in so far as it authorizes an appeal to the supreme court of the state and empowers that court to consider the justness of the compensation awarded, is constitutional whether or not the provision authorizing the court to determine finally the compensation is invalid, the provisions being separable.

E. E. Cushman, Asst. U. S. Atty.

Sachs & Hale, Tucker & Hyland, R. E. Moody, A. R. Coleman, W. W. Felger, and A. W. Buddress, for defendants.

HANFORD, District Judge. This proceeding was instituted by the government of the United States for the purpose of appropriating a number of lots and parcels of land required by the government for military purposes, and to enlarge Ft. Worden. A special venire was issued for jurors, from whom 12 were selected and impaneled in the usual manner of selecting jurors, and sworn to determine all disputed questions of fact as to ownership of the property, and fix the valuation thereof, and assess any damages resulting to the owners from the taking of their property. As provided by the act of congress authorizing the condemnation of land re-

quired for fortifications (see 1 Supp. Rev. St. [2d Ed.] pp. 601, 780), the proceedings were conducted as near as practicable according to the procedure prescribed by the laws of this state. On the trial before the court and the jury there was no controversy as to the ownership of the property, and the jury was required only to determine the value and assess the damages. Witnesses, including business men of Port Townsend, were called on the part of the government, as well as of the owners, who gave their estimates of the value of the land and of the improvements thereon, and the court and jury visited the premises for the purpose of viewing the same, and, after returning to the court room, arguments were made to the jury by counsel representing all the parties, and the case was submitted to the jury with instructions by the court that they were to determine the reasonable value at the present time of the land sought to be condemned and the improvements thereon, and assess damages in favor of any of the owners who were shown by the evidence to have been damaged by the taking of their property, and afterwards the jury returned into court a separate verdict as to each of the different lots and parcels of land appropriated. Compared with the estimates testified to by the witnesses on the part of the government, the sums awarded are just and reasonable, but, measured by the testimony introduced by the defendants, the sums awarded are in some instances very much below the reasonable value. The defendants are dissatisfied with the verdicts, and have moved the court to set the same aside and grant a new trial on a number of specified grounds, all of which, by disregarding legal verbiage, may be resolved into the following: (1) Error in law committed by the court on the trial in excluding evidence offered by the defendants to prove the price of adjoining lands, which was fixed by agreement, and was paid by the government. (2) Misconduct on the part of a superintending engineer in the employment of the government at the time the jury were taken to view the premises, in this: that said engineer conducted the jury to and upon lands other than the land to be condemned. (3) Error in the findings of the jury, in this: that the sums awarded by their verdicts are inadequate, and not sufficient to constitute just compensation for the property taken.

The price which a purchaser pays for one piece of property is not a fair criterion by which to determine the value of an adjoining tract several years after the transaction, for the reason that the necessity of the purchaser, the disposition of the vendor, and peculiar circumstances and conditions may be such as to oblige a purchaser to submit to severe exactions in order to consummate a purchase without delay. Therefore evidence of a particular transaction is likely to be misleading unless all the circumstances and conditions are explained, and it is not practicable for parties to be ready on the trial to produce witnesses to explain transactions not involved in the issues. It was for this reason that the court excluded the testimony offered by the defendants, and I believe now, as I believed at the time, that the evidence was incompetent. It is not shown by the affidavits filed that the jury were misinformed with respect to the identity of the land to and upon which they were conducted

It was fair to all parties that the jury should have an opportunity to see the land, and the mere circumstance of their being conducted over adjoining property would not necessarily, nor probably, be prejudicial to the defendants. The intelligence and good sense of jurymen must be appealed to when they are called upon to determine questions of value and assess damages; and an opportunity to see the property which is the subject of controversy, and also to see and compare other property in the immediate vicinity, cannot reasonably be presumed to have diminished the knowledge, experience, and common sense which qualifies jurymen to discharge their functions in cases of this character. I do not think there was any intentional misconduct on the part of the engineer, nor that any error which he may have committed in conducting the jury justifies a suspicion that the land condemned was appraised lower than it would have been if the jury had not been permitted to see other land contiguous thereto. I adhere to the ruling made by this court in the case of U. S. v. Tennant (D. C.) 93 Fed. 613, to the effect that in condemnation cases in this state the law does not authorize the court of original jurisdiction to set aside the verdict of a jury on the ground that the appraisement was erroneous or unfair. Upon a re-examination of the question I am confirmed in the opinion that the statutes of this state as expounded by its supreme court prescribe a special and peculiar mode of procedure distinct from the practice in civil actions. Therefore the provisions of the civil practice act authorizing courts in which actions are tried to set aside verdicts for error in assessment of damages are not applicable, and do not authorize the same courts to grant new trials in condemnation cases. See Railway Co. v. O'Meara, 4 Wash. 17, 29 Pac. 835; Tacoma v. State, 4 Wash. 64, 29 Pac. 847; Long v. Billings, 7 Wash. 267, 34 Pac. 936; Western American Co. v. St. Ann Co., 22 Wash. 158, 60 Pac. 158. The act prescribing a special method of procedure in condemnation cases (section 5616 et seq., 2 Ballinger's Ann. Codes & St. Wash.) does not in express terms, nor by any fair implication, authorize the court to set aside the verdict of a jury, nor to grant a new trial; and, as the law providing for new trials in civil actions does not apply, there is no statute giving the court power to grant a new trial. If the court has the power, it exists not by virtue of any statute, but because it is necessarily one of the inherent powers of the court. I believe that the court has inherent power to correct its own errors, but by the constitution and laws of this state the compensation to be paid to the owner of property condemned for public use must be determined by the verdict of a jury; and if a jury errs in assessing damages the law does not confer upon the court of original jurisdiction power to correct the error, nor leave the court free to exercise any inherent and unnamed power to resubmit the case to a second jury, but allows an appeal to the supreme court of the state, and provides that the propriety and justness of the award shall be for the consideration of the appellate court; and I hold that by authorizing an appeal and specially conferring power upon the appellate court to pass upon the propriety and justness of the award the legislature in effect

has denied the right of the court of original jurisdiction to interfere with the verdict of a jury.

It is contended on the part of the defendants that a statute authorizing the appellate court to determine finally the amount to be awarded as compensation for property condemned to public use is contrary to section 16, art. 1, of the constitution of the state of Washington, and to the seventh amendment of the constitution of the United States. It does not help their side to argue that the act of the legislature is unconstitutional. Its provisions are separable, and the court must uphold the validity of the statute as to all of its provisions which are not repugnant to the constitution, and only disregard the particular provisions which are repugnant; and this statute, in so far as it authorizes an appeal to the supreme court of the state of Washington, and in so far as it authorizes that court to consider the propriety and justness of the amount of compensation awarded by a verdict, is not unconstitutional, and it confers the same power upon an appellate tribunal which the defendants are urging this court to exercise without statutory authority. If the appellate court cannot, by its decree, increase or reduce the amount of compensation without violating the constitution, then a serious question must arise as to the proper method and means by which the court may exercise its power to pass upon the propriety and reasonableness of the award. Upon that question this court does not have to express any opinion. It is enough to say that the difficulty which may be encountered in the appellate court may or may not be insurmountable, but it is safe to assume that, if the power to order a new trial exists at all, it belongs to the tribunal to which aggrieved parties who may have grounds for disputing the propriety and justness of the amount of damages awarded to them by a jury are authorized to appeal. The national government does not have to submit this controversy to the decision of the supreme court of the state, but there is an appellate court to which the case may be appealed; and, as congress has adopted the procedure prescribed by state laws, the practice of the appellate court as well as this court must be governed thereby, and the parties must be concluded by the verdicts unless they can be avoided by the judgment of that court.

Motions denied.