[No. 27332-2-II.   Division Two.   May 28, 2003.]

THE CITY OF TACOMA, *Respondent*, v. MARY KAY, INC., *Petitioner*.

*Scott M. Edwards* (of *Perkins Coie, L.L.P.*), for petitioner.

*Robin Jenkinson, City Attorney*, and *Harding T. Roe, Assistant*, for respondent.

HOUGHTON, J. — Mary Kay, Inc., appeals from a trial court decision that the City of Tacoma's appeal from a hearing examiner tax assessment refund order invoked the superior court's original jurisdiction and in allowing further pretrial discovery. Because, under these facts, the trial court lacked jurisdiction to hear the matter, we reverse and dismiss.

## FACTS

Mary Kay, Inc., an out-of-state corporation, manufactures and distributes wholesale skin care products and cosmetics through a network of local beauty consultants. Some of Mary Kay's beauty consultants receive wholesale

products and sell them as retail products in the City of Tacoma. As a result, Tacoma, a municipal corporation organized under state law, assessed Mary Kay $14,070.11 in business and occupation taxes for sales within its city limits.

After paying the assessment, Mary Kay timely appealed to the Tacoma Hearing Examiner, under Tacoma Municipal Code (TMC) 6.68.390, in accordance with TMC 1.23.050-(B)(9).[1] The hearing examiner held an adversarial proceeding, concluded that Mary Kay was not subject to the business and occupation tax, and ordered Tacoma to refund Mary Kay's assessment payment.

Tacoma appealed the hearing examiner decision under TMC 1.23.160,[2] TMC 6.68.390,[3] and TMC 6.68.395. TMC 6.68.395 provides that the "trial in the Superior Court on appeal shall be de novo and without the necessity of any pleadings other than the notice of appeal." Tacoma then proceeded with discovery, serving interrogatories and requests for production on Mary Kay.

In response, Mary Kay moved to dismiss or, in the alternative, to bar further discovery. In support of its motion, Mary Kay argued (1) that the superior court lacked jurisdiction to hear Tacoma's appeal of its own administrative order or, alternatively, (2) that the superior court had appellate, rather than original, jurisdiction.

The trial court ruled that under article IV, section 6 of the Washington Constitution, it had original jurisdiction over

---

[1] TMC 1.23.050: "B. In regard to the matters set forth below, the Examiner shall conduct adjudicative proceedings, maintain a record thereof, and enter findings of fact, conclusions of law, and a final decision or other order, as appropriate: . . . (9) Appeals arising out of the Tax and License Code, Title 6 of the Tacoma Municipal Code (TMC 6)."

[2] TMC 1.23.160: "A. Appeal of those matters in which the Hearing Examiner enters a final decision as set forth in subsection B of Section 1.23.050 . . . may be brought by any party . . . . B. . . . [and] shall be appealable to the Superior Court for the State of Washington . . . ."

[3] TMC 6.68.390, in pertinent part, states: "The appellant may appeal the decision of the Hearing Examiner to the Pierce County Superior Court, as specified in Tacoma Municipal Code Section 1.23.160. The City shall have the same right of review from a decision as does a taxpayer."

cases that involve the legality of any tax issues. It then denied Mary Kay's motion to dismiss or bar discovery.

Mary Kay sought discretionary review of the trial court ruling. A commissioner of our court granted Mary Kay's motion. We limited our review to whether Tacoma was "entitled to a trial de novo." Order Granting Mot. for Discretionary Review (in part) at 8 (Wash. Ct. App., Jan. 29, 2002).

## ANALYSIS

■ Mary Kay contends that the trial court erred in ruling that Tacoma's appeal invoked the court's original jurisdiction and in allowing further discovery. Jurisdiction is a question of law we review de novo. *Local Union I-369, Oil, Chem. & Atomic Workers Int'l Union v. Sandvik Special Metals Corp.*, 102 Wn. App 764, 770, 10 P.3d 470 (2000), *review denied*, 143 Wn.2d 1006 (2001).

In denying Mary Kay's motion to dismiss or to bar discovery, the trial court specifically found that it "ha[d] original jurisdiction over cases that involve the 'legality of any tax,' under Art. IV, § 6, of the Washington State Constitution, [and] that [it] is not dependent on the Tacoma Municipal Code." Clerk's Papers at 175.

■■ The trial court correctly cited our constitution, but it failed to determine whether the provision is self-executing and, thus, confers original jurisdiction absent additional statutory authority. *Anderson v. Whatcom County*, 15 Wash. 47, 51, 45 P. 665 (1896) (to be self-executing, a constitutional provision must sufficiently detail a right to be protected and enjoyed or enforced and, absent such sufficiency, the provision is merely a principle) (citing THOMAS M. COOLEY, CONSTITUTIONAL LIMITATIONS 100 (5th ed. 1883)). Generally, constitutional grants of jurisdiction are not self-executing. *W. Am. Co. v. St. Ann Co.*, 22 Wash. 158, 162, 60 P. 158 (1900) (citing *Price v. Smith*, 93 Va. 14, 24 S.E. 474 (1896)).

■ As already noted, article IV, section 6 of the Washington Constitution provides that "[t]he superior court shall

have original jurisdiction in all cases at law which involve the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine . . . ." But this constitutional provision does not supply a sufficient means by which the right may be enjoyed, thus, it is not self-executing and the trial court incorrectly relied on it alone. We next turn to whether there was another basis for the trial court to invoke original jurisdiction.

Washington statutory authority mimics our constitutional provision providing: "The superior court shall have original jurisdiction in all cases in equity, and in all cases at law which involve the . . . legality of any tax, impost, assessment, toll or municipal fine . . . ." RCW 2.08.010. Although this statute confers original jurisdiction on the superior court, our inquiry does not end here.[4]

Tacoma claims that it invoked superior court original jurisdiction when it filed a notice of appeal under TMC 6.68.395. Initially, we disagree because we reject, as did the trial court, Tacoma's argument that its municipal code alone confers original jurisdiction on the superior court. *City of Spokane v. J-R Distribs., Inc.*, 90 Wn.2d 722, 726-27, 585 P.2d 784 (1978) (municipality cannot prescribe to the superior court the practices and procedures the municipality expects the superior court to follow—judicial matters involving practice and procedure of the superior court are inherently judicial and not local concern extending to municipality's policing power under the Washington Constitution).

Here, there are only two ways that Tacoma could invoke the superior court's original jurisdiction: first, by filing a complaint, CR 3[5] and *Haywood v. Aranda*, 143 Wn.2d 231, 237, 19 P.3d 406 (2001) (superior court jurisdiction is invoked when a complaint is filed); or second, by filing a

---

[4] Neither Tacoma nor Mary Kay raised RCW 2.08.010 before the trial court. Tacoma first referred to the statute at argument before us.

[5] "Except as provided in rule 4.1, a civil action is commenced by service of a copy of a summons together with a copy of a complaint, . . . or by filing a complaint." CR 3.

writ.[6] Tacoma filed neither a complaint nor a writ and it could not invoke original jurisdiction by filing a notice of appeal.[7] Therefore, the trial court lacked jurisdiction to review the hearing examiner's decision.

The superior court is reversed and the matter is dismissed.[8]

QUINN-BRINTNALL, A.C.J., and MORGAN, J., concur.

---

[6] Tacoma could have sought review either through a statutory writ under chapter 7.16 RCW or by the court using its inherent power to review via a constitutional (common law) writ. But to secure a statutory writ of review, Tacoma would have had to comply with the applicable statutory requirements of chapter 7.16 RCW, which arguably it did not do here. But even if it had, under either a statutory or constitutional writ, the superior court still would have been limited to a review on the record and not had original jurisdiction. *Bridle Trails Cmty. Club v. City of Bellevue*, 45 Wn. App. 248, 251-52, 724 P.2d 1110 (1986) (constitutional or common law writs are not full appellate review but rather only on the record from the inferior tribunal); *Andrew v. King County*, 21 Wn. App. 566, 574, 586 P.2d 509 (1978) (citing that statutory review proceedings of an inferior tribunal are only on the record below and in no sense a trial de novo), *review denied*, 91 Wn.2d 1023 (1979).

[7] Tacoma argues that the superior court has assumed original jurisdiction by reviewing previous hearing examiners tax decisions "de novo on appeal." Tacoma's argument is misplaced; in those cases, the question of the superior court's original jurisdiction was never raised. *See City of Tacoma v. William Rogers Co.*, 148 Wn.2d 169, 60 P.3d 79 (2002); *W. Telepage, Inc. v. City of Tacoma*, 140 Wn.2d 599, 998 P.2d 884 (2000); *Enterprise Leasing, Inc. v. City of Tacoma*, 139 Wn.2d 546, 988 P.2d 961 (1999); *Fin. Pac. Leasing, Inc. v. City of Tacoma*, 113 Wn.2d 143, 776 P.2d 136 (1989).

[8] We generally decide a case on the basis of issues raised in the briefs, but we have the authority to decide whether a matter is properly before us. RAP 12.1(b). We may raise an issue sua sponte and rest our decision on that issue; we do so here. RAP 12.1(b); *State v. Aho*, 137 Wn.2d 736, 740-41, 975 P.2d 512 (1999).