FILED
COURT OF APPEALS
DIVISION II

2015 MAR 31 AM 10: 24

STATE OF WASHINGTON

BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| HISTORICAL MILITARY SALES, INC. (UBI: 602078140) and DAVID ROBINSON, | No. 45615-0-II |
| Appellants, | |
| v. | |
| CITY OF LAKEWOOD, | UNPUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — Historical Military Sales, Inc. and owner David Robinson (collectively, HMS) sought review of the City of Lakewood's revocation of HMS's business license under the Administrative Procedures Act (APA), chapter 34.05 RCW. The trial court ruled that it lacked subject matter jurisdiction to consider the petition because HMS failed to timely serve Lakewood with a copy of its petition. On appeal, HMS argues that the trial court erred by dismissing its petition for want of subject matter jurisdiction and by denying HMS's motion to amend its petition to replace the APA claim with other claims. Because Lakewood is not a state agency to which the APA applies, the trial court properly dismissed this case without prejudice and without granting HMS's motion to amend. We affirm and award Lakewood attorney fees on appeal.

FACTS

Following a joint investigation by local and military law enforcement agencies, an undercover officer sold military hardware to HMS that was otherwise unavailable for civilian use and marked as United States government property. This sale resulted in the execution of a search warrant at HMS that yielded significant amounts of contraband military materials.

Lakewood revoked HMS's business license, and HMS appealed that revocation to a city hearing examiner. Following two days of hearings, the hearing examiner upheld Lakewood's revocation decision. The city clerk e-mailed the hearing examiner's decision to the parties on August 5, 2013, and deposited the decision in the mail on August 7.

On September 4, 2013, HMS filed a petition in Pierce County Superior Court seeking review of the hearing examiner's decision, asserting that the court had jurisdiction over its petition under the APA. HMS did not serve Lakewood until September 13, 2013. Lakewood moved to dismiss, arguing that HMS improperly invoked the court's jurisdiction because the APA does not apply to municipal decisions and because HMS failed to timely serve its petition on Lakewood. On October 24, HMS moved for leave to amend its petition under CR 15 and to relate all claims back to the initial filing date. Its proposed amendment deleted the APA claim and sought declaratory relief as well as statutory and constitutional writs of review.

Following a hearing, the trial court granted Lakewood's motion to dismiss, ruling that it lacked subject matter jurisdiction over the petition because HMS had not complied with the APA's service requirements. The trial court denied the motion to amend as moot and dismissed the petition without prejudice.

On appeal, HMS argues that the trial court erred by ruling that the failure to comply with the APA's service requirements deprived the court of subject matter jurisdiction and that the court should have allowed HMS to file an amended petition that related back to the filing date of the initial petition.

ANALYSIS

I.    SUBJECT MATTER JURISDICTION

Jurisdiction is a question of law that we review de novo. *City of Tacoma v. Mary Kay, Inc.,* 117 Wn. App. 111, 114, 70 P.3d 144 (2003). Subject matter jurisdiction refers to a court's ability to entertain a type of case. *In re Marriage of Buecking,* 179 Wn.2d 438, 448, 316 P.3d 999 (2013), *cert. denied,* 135 S. Ct. 181 (2014).

Lakewood argued below that the trial court lacked subject matter jurisdiction over HMS's petition for review because the APA does not apply to municipal decisions. We agree. Because Lakewood is not a state agency that is subject to the APA, the trial court had no jurisdiction to consider HMS's petition for review of the hearing officer's decision. *See Riggins v. Hous. Auth. of Seattle,* 87 Wn.2d 97, 100, 549 P.2d 480 (1976) (legislature intended APA to apply only to government entities involved in statewide programs); *Plumbers & Steamfitters Union Local 598 v. Wash. Pub. Power Supply Sys.,* 44 Wn. App. 906, 911, 724 P.2d 1030 (1986) (municipal corporation is local agency to which APA does not apply). We may sustain the trial court's decision on any grounds within the pleadings and the proof. *Cmty. Invs., Ltd. v. Safeway Stores, Inc.,* 36 Wn. App. 34, 38, 671 P.2d 289 (1983). Accordingly, we affirm the trial court's ruling that it lacked jurisdiction over HMS's petition without addressing whether HMS timely complied with the APA service requirements.

II.    AMENDMENT UNDER CR 15

HMS argues that even without jurisdiction to consider the APA claim, the trial court should have allowed it to amend its petition under CR 15 by substituting new causes of action that related back to the APA petition's filing date. HMS's amendments sought declaratory relief as well as statutory and constitutional writs of review.

CR 15(a) provides that a party may amend its pleading after a response is filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." An amendment relates back to the date of the original pleading when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." CR 15(c).

Lakewood responds that without subject matter jurisdiction over HMS's initial APA pleading, the trial court had no jurisdiction to consider the motion to amend that pleading. *See Shoop v. Kittitas County*, 149 Wn.2d 29, 35, 65 P.3d 1194 (2003) (when court lacks subject matter jurisdiction, dismissal is only permissible action court may take). Lakewood also questions whether CR 15 even applies under these circumstances.

The civil rules are intended to apply only to civil actions invoking the general jurisdiction of the superior courts. *Diehl v. W. Wash. Growth Mgmt. Hearings Bd.*, 153 Wn.2d 207, 216, 103 P.3d 193 (2004). Review of the APA invokes appellate and not general or original superior court jurisdiction. *Diehl*, 153 Wn.2d at 216. In addition, the superior court civil rules are procedural rules that apply only after the action commences, and they do not purport to extend the subject matter jurisdiction of the court. *Diehl*, 153 Wn.2d at 216. Here, the APA action never commenced because the trial court never had jurisdiction over that action. CR 15 was not the means by which a different type of action could be initiated, nor the means by which a different type of jurisdiction could be invoked.

Where a party chooses an incorrect procedural vehicle to obtain review of a local administrative decision, its failure to comply with the procedural requirements of the correct vehicle merits dismissal of the action. *Mary Kay*, 117 Wn. App. at 115-16. In *Mary Kay*, Tacoma appealed a hearing examiner's decision to the superior court. 117 Wn. App. at 113. When Tacoma

proceeded with discovery, Mary Kay moved to dismiss or to bar discovery, arguing that the notice of appeal had invoked only appellate rather than original jurisdiction and that discovery was improper. *Mary Kay*, 117 Wn. App. at 114. The trial court denied the motion and ruled that Tacoma's appeal had invoked its original jurisdiction and permitted discovery. *Mary Kay*, 117 Wn. App. at 113-14.

We reversed and held that Tacoma could invoke the superior court's original jurisdiction only by filing a complaint or a writ. *Mary Kay*, 117 Wn. App. at 115-16. As we explained further,

> Tacoma could have sought review either through a statutory writ under chapter 7.16 RCW or by the court using its inherent power to review via a constitutional (common law) writ. But to secure a statutory writ of review, Tacoma would have had to comply with the applicable statutory requirements of chapter 7.16 RCW, which arguably it did not do here.

*Mary Kay*, 117 Wn. App. at 116 n.6. Because Tacoma could not invoke original jurisdiction by filing a notice of appeal, dismissal was required. *Mary Kay*, 117 Wn. App. at 116.

HMS did not comply with the applicable filing requirements in seeking declaratory relief or a statutory writ of review. The time limits for seeking such relief are short, with 30 days being typical. *Clark County Pub. Util. Dist. No. 1 v. Wilkinson*, 139 Wn.2d 840, 847-48, 991 P.2d 1161 (2000); *Summit-Waller Citizens Ass'n v. Pierce County*, 77 Wn. App. 384, 392, 895 P.2d 405 (1995). Constitutional writs have longer time limits, but any unreasonable delay in seeking a constitutional writ bars its issuance. *Wilkinson*, 139 Wn.2d at 848. Moreover, a superior court may decline to issue a constitutional writ "if either a statutory writ or a direct appeal is available, unless the appellant can show good cause for not using those methods." *Birch Bay Trailer Sales v. Whatcom County*, 65 Wn. App. 739, 746, 829 P.2d 1109 (1992).

HMS attempted to amend its petition for review well beyond any 30-day time limit. The failure to meet these filing requirements does not appear to constitute good cause to consider the extraordinary remedy of a constitutional writ, but this issue is not yet ripe for review. *See Coballes v. Spokane County*, 167 Wn. App. 857, 865, 274 P.3d 1102 (2012) (both statutory and constitutional writs are extraordinary remedies that should be applied sparingly). Consequently, we affirm the trial court's ruling that it lacked jurisdiction to consider this complaint as well as its refusal to allow HMS to amend its complaint under CR 15. Whether HMS may still seek a constitutional writ of review in an independent action is not now before us.

III.    ATTORNEY FEES

Lakewood requests an award of costs and attorney fees on appeal. RAP 18.1 provides that we may award attorney fees on appeal where authorized by applicable law. *Dan's Trucking, Inc. v. Kerr Contractors, Inc.*, 183 Wn. App. 133, 143, 332 P.3d 1154 (2014). Lakewood makes its request under the following provision of the Lakewood Municipal Code:

> In addition to or as an alternative to any other penalty provided herein or by any other business license or regulation ordinance, the City shall be entitled to its costs and reasonable attorneys fees in any action to enforce the provisions of this Chapter or any other business license or regulation ordinance.

LMC 5.02.230 (citations omitted). We grant Lakewood's request for reasonable attorney fees on appeal.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Sutton, J.