[No. 440. Decided March 12, 1892.]

BELLINGHAM BAY AND BRITISH COLUMBIA RAILROAD COMPANY, *Appellant*, v. H. B. STRAND AND JOSEPHINE M. STRAND, *Respondents*.

APPROPRIATION OF LANDS—TRIAL—RIGHT TO OPEN AND CLOSE—DAMAGES—VIEW OF PREMISES BY JURY.

In a proceeding by a railway company for the appropriation of lands to corporate uses, in which it is necessary to have the damages to the owner of the land assessed by a jury, the railway company is entitled to the open and close, both in the presentation of proof and the argument to the jury, as the burden rests upon the company to show not only the necessity for the taking but the reasonable value of the land appropriated.

Where lands appropriated by a railway line along the shores of Puget Sound it is error, in awarding damages to the owner, to allow witnesses to include in their estimate of its value certain prospective rights to the lands below the line of ordinary high tide.

In the trial of a proceeding for the appropriation of lands, it is within the discretion of the trial court to permit the jury to view the premises.

*Appeal from Superior Court, Whatcom County.*

The facts are stated in the opinion.

*Dorr & Finch*, for appellant.

*Fairchild & Rawson*, and *Harris, Black & Leaming*, for respondents.

The opinion of the court was delivered by

HOYT, J.—This was a proceeding to condemn property for corporate uses, under the act of February 1, 1888.

Upon the trial, petitioner claimed the right to open and close in the introduction of testimony and argument to the jury. The court refused to allow it so to do, and this refusal is assigned as error. Petitioner contends that as this was a trial on appeal from the award of damages by commissioners, and as petitioner was the appellant, the question presented for the determination of the jury was as to whether or not the award of damages made by the commissioners could be reduced; and that it, as the appealing party, had the affirmative. It further contends, that if the trial in the district court was unaffected by the proceeding before the commissioners, so far as this question is concerned, still under the provisions of our statute the petitioner has the right to open and close. A discussion of the first proposition would be of no general value, for the reason that under our present statute a case in which the question could arise is no longer possible. And the conclusion to which we have come in regard to the other contention makes it unnecessary for the purposes of this case that we should decide it. We shall therefore discuss only the second question above suggested.

Under our statute, which party is entitled to open and close? This question has been a much mooted one, and the authorities in regard thereto are absolutely irreconcilable. In some of the states, after a careful consideration, the courts have settled down in favor of one side of the proposition, while in others, after equally careful consideration, a directly opposite conclusion has been arrived at. The question is a new one here, and the construction of our own statute is directly involved. It therefore becomes our duty to investigate the same, not only in the light of the decisions of the courts of other states upon this particular question, but also in the light of established principles as universally applied to the determination of questions of this nature.

It is conceded by the respondents that the general rule as applied' to questions of this kind is, that he who has the affirmative of the issue is entitled to open and close; that the party who will be defeated if no proof were offered has upon him the burden of proof, and, as a consequence of such burden, the right to open. All the cases which have sustained the right of the land owner to open and close have practically conceded the general rule as above stated, but have avoided the effect of the same by saying that as the only question before the jury in this class of cases is as to the amount of damages, it follows that he who is claiming the damages must make proof thereof or be defeated.    That this is true under statutes where the land owner is the moving party is unquestioned, and the reasoning of the courts upon that side of the question as applied to that kind of a case is entirely satisfactory to us; there the railroad already has the land, and no question of the taking of the same is involved. Many of the cases relied upon by respondents belong to this class, and with these we find no fault. A large number, however, which hold with the contention of respondents are cases like the one at bar where the corporation was the moving party; and it is this class of cases which it is impossible to harmonize with those upon the other side.    Upon principle, under our statute, who has the affirmative of this issue?    What is it necessary that the corporation should establish before a decree of condemnation can be granted it?    We think that it is incumbent upon the corporation to establish at least two things: *First*, the necessity of the taking; and, *second*, the sum necessary to actually compensate the party whose property is taken.    No one would contend that as to the first of these necessary requirements the petitioner does not have the affirmative, and to us it seems equally clear that the burden of proof should also be upon it to establish the second.    The necessity for the taking having

been established, the respondents contend that in the absence of proof of damages the petitioner would be entitled to a decree condemning the property to its use, with damages assessed against it in a nominal amount.    If this contention is true, it would, of course, follow that the burden of proof upon this question of damages was upon the land owner, and he entitled to open and close.    But we cannot subscribe to this doctrine at all.    It never could have been the intention of the legislature to have thus placed the land owner at the mercy of circumstances. Under this rule, if in any case default should be made, the petitioner would get the property for nothing.    Nominal damages never purport to be real damages.    They are awarded where, from the nature of the case, some injury has been done, the amount of which the proofs fail entirely to show.    But in proceedings for the condemnation of land for corporate purposes the constitution and statutes protect a land owner from a contingency of this kind.    The land can only be taken upon the payment of the actual value, and the court, before it is justified in awarding a decree of condemnation, must find as a fact what the actual value of the property is.    This it cannot do without proof.    Under these provisions the court would not be warranted in finding, from the fact that no proof was introduced upon the question of value or damages, that the property only had a nominal value, and that there were no resulting damages.    If we are right in our view of the statute as above stated, it must necessarily follow that in the absence of any proof as to damages the petitioner would fail in its suit, and if such would be the result of the want of any evidence upon this question, the universally conceded rule as above stated would give to the petitioner the right to open and close in regard to such question.    The arguments in the opinions in that class of cases holding that the petitioner has the affirmative of this issue seem to us to be much more reasonable

than those of the cases upon the other side.  This latter
class of cases do not seem to deny the general proposition
that the party against whom judgment will be given in the
absence of proof has the affirmative, but by an ingenious
course of reasoning attempt to show that such rule is not
applicable to cases of this kind, or announce the doctrine
that the decree of condemnation would go with a judgment
for nominal damages only.  Their reasoning, however, as
to the first branch is not satisfactory to us, and the second
proposition is, as we have seen, entirely untenable under
our statute.   In fact, we cannot see how it can be applied
under any of the statutes where the corporation, and not
the land owner, is the moving party.  The reasons in favor
of the right of petitioner to open and close, and the con-
clusions of the court upon this question, are so ably and
tersely stated by Mr. Justice SHELDON in deciding the case
of *McReynolds v. Burlington, etc., Ry. Co.*, 106 Ill. 152, that
we see no escape from such reasoning and conclusion.
That learned judge, in deciding said case, makes use of
the following language:

"Objection is taken to the refusal of the court below to
permit the defendant's counsel, on his motion, to open and
close the case before the jury.  The decisions of courts are
not uniform upon this question.  The general rule, as laid
down in Wharton on Evidence, § 357, is: 'It may be stated,
as a test of universal application, that, whether the propo-
sition be affirmative or negative, the party against whom
judgment would be given as to a particular issue, suppos-
ing no proof to be offered on either side, has on him,
whether he be plaintiff or defendant, the burden of proof
which he must satisfactorily sustain.'  The present pro-
ceeding is not one by the land owner to have an assessment
made of his damages or compensation for the taking of his
land, but it is a proceeding instituted by the railroad com-
pany to ascertain what is a just compensation for the land
sought to be appropriated.  By our state constitution, the
land cannot be acquired without just compensation to the

land owner, to be ascertained by a jury. The statute upon the subject contemplates that the jury are to ascertain the compensation 'after hearing the proof offered.' Should there, then, be no proof offered, the petitioner would be defeated. It would fail of having an ascertainment by the jury, upon proof offered, of what was a just compensation for the land, without which it would be unable to acquire the land sought to be appropriated. Under the rule, then, that the party entitled to begin is he who would have a verdict against him if no evidence were given on either side, we think the court below properly ruled that the petitioner should open and close. This view is in agreement with the decision of the supreme court of Ohio upon this precise question, in the well considered case of *Neff v. Cincinnati*, 32 Ohio St. 215, under the constitution and statute of that state, which we take to be similar to ours upon this subject."

The conclusions of this case were expressly affirmed in the case of *South Park Commissioners v. Trustees of Schools*, 107 Ill. 489, where Mr. Justice CRAIG, in delivering the opinion of the court, shows that the application of the universally accepted rules in regard to the burden of proof, and the consequent right to open and close, when applied to cases of this kind, will cast upon the corporation the burden of proof, and give it the right to open and close whenever it is the moving party, but that the contrary rule might well be held to obtain where the proceeding was one by the land owner affirming the taking of the property by the corporation, and seeking only a judgment for damages. These cases, and others upon the same side, referred to by appellant, so well agree with our own ideas of the proper construction of our statute that we feel compelled to decide in accordance therewith.

But, as against the reasoning of these cases, it is suggested upon argument by respondents that under our statutes the adjudication as to the necessity of the taking is a separate proceeding, and that the only question to be

determined upon the trial before the jury is the amount of damages, and that for that reason the land owner should be held to have the affirmative in such trial. In regard to this contention we would say, that our statute in that regard is not unlike those passed upon by the supreme court of the state of Illinois, above cited. The fact that petitioner has to first establish one of the facts necessary to its success in procuring the object for which its petition was filed at one time, and the other necessary fact at another time, cannot relieve it of the burden of establishing these necessary facts by its own affirmative case. The petitioner could have had no decree condemning the property to its use until the actual value of the property had been shown in evidence. Therefore, it was error on the part of the trial court to hold that the affirmative was upon the land owners, and they entitled to open and close.

Another error relied upon by appellant is, that the verdict was excessive, and that the court erred in not granting its motion for a new trial on that ground. Its first position on this question is that, as it alone appealed from the award of damages by the commissioners, the respondents could get no benefit from such appeal; from which it would follow that no verdict in excess of $8,500, the amount of the award of said commissioners, could be sustained. Appellant makes an ingenious argument in support of this position, but we are not satisfied that it should obtain. The statute is not as clear upon this subject as it should be, but it seems to contemplate a new trial as to the amount of damages which should be awarded. As this statute is no longer in force, this question is of little importance, and we shall not further discuss it.

Appellant further contends that the amount of damages awarded is greatly in excess of the sum warranted by the proofs. In this regard it is not claimed that there was no testimony in the case which would warrant the verdict ren-

dered.  The contention is that all or nearly all of the wit-
nesses that testified as to the value of the property taken
were allowed by the court to include in their estimate of
said value certain prospective rights to the lands below
the line of ordinary high tide in the waters of Puget
Sound.  That the witnesses were allowed so to do is clear
from the record, and we must, therefore, decide whether
or not this prospective contingent right was a proper ele-
ment to be taken into consideration in determining the
value of the property taken.  We think that it was not.
At the time these proceedings were instituted there was
no law in force giving to the littoral proprietor any rights
whatever in said tide lands, and under the decisions of
this court in regard to the rights of littoral proprietors in
such lands the respondents had no valuable rights therein.
It was left entirely to the legislature to say whether or
not they should have any recognition as such littoral
proprietors.  Under these circumstances any value which
was placed upon the property taken by reason of any
rights which might or might not be bestowed upon it by
legislation was too remote to constitute an element of
value in proceedings of this kind.  And even if they
were held not to be too remote to constitute an element
of damage, there is much force in the argument of
appellant that by the taking of the property for corpo-
rate uses the right attaching to the same would not there-
after inure to the benefit of such corporation.  It is
true our statute seems to warrant the condemnation of
the entire title to the property, but the corporation can
only take such title for corporate purposes.  Hence it
does not follow that as incident to the title thus passed
for corporate purposes such corporation succeeds to all
the rights of the littoral proprietor.  Respondents, while
seeking to show that the elements of damage testified to
by their witnesses were proper ones to be taken into con-
sideration, attempt further to meet the objections thereto

by the claim that although the witnesses may have testified to something in regard to these riparian or littoral rights, yet their testimony, taken as a whole, showed that they only estimated the lots at the market value as they were then situated. The testimony of some of the witnesses would seem to justify this contention, but we are not satisfied that every witness on the part of the respondents based his estimate of value entirely upon what the property would bring in the market at the time of the condemnation. And even if this did appear from the testimony of all the witnesses, yet all this testimony as to the appurtenances to the property taken was incompetent and of such a nature that it would manifestly tend to mislead the jury. A verdict rendered thereon could not stand unless it clearly appeared that the party against whom the verdict was rendered was not at all prejudiced by such testimony; and as this fact does not appear to our satisfaction in the record in this case, it follows that the verdict should have been set aside.

Appellant further contends that it was error to allow the jury to view the premises. We think, however, that this was a matter within the discretion of the trial court, and that no abuse of such discretion is shown by the record.

Several other errors are assigned as ground for the reversal of the judgment, but they are most of them simply branches of the questions which we have discussed above, and the others are not of sufficient importance to require separate consideration.

Judgment of the court below must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

ANDERS, C. J., and STILES and SCOTT, JJ., concur.

DUNBAR, J., not sitting.