## WILLARD HOWE vs. AMY E. HOWARD.

Middlesex.   January 16, 1893. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Value of Land — Evidence.*

In an action in which the value of land is in controversy, evidence of the sum awarded by a jury for other land in the vicinity, taken by the Commonwealth under the right of eminent domain, is inadmissible.

CONTRACT, upon an account annexed, to recover a commission for selling the defendant's farm in Sherborn.   The answer, among other things, alleged that the plaintiff, by conspiracy with certain other persons, fraudulently induced the defendant to execute an agreement to sell the farm to one of such persons for a price much less than its market value.

At the trial in the Superior Court, before *Richardson*, J., without a jury, the defendant called as a witness one Wellington H. Pratt, who testified, against the plaintiff's objection, that he received $600 an acre, or a little more, for sixteen acres of land, without buildings thereon, which land was near the defendant's farm, though in another town, by the verdict of a jury, as damages for the taking of the land by the Commonwealth under the right of eminent domain for a public use.

This evidence was admitted *de bene*, and was relied upon as material to the defence, the defendant contending that it tended to show the value of her farm.

The judge, at the close of the evidence and before the arguments, excluded the evidence; and the defendant excepted.

The judge found for the plaintiff; and the defendant alleged exceptions.

*I. B. Forbes & E. A. Alger*, for the defendant.

*S. A. Phillips*, for the plaintiff.

BARKER, J.   Assuming that the land taken by the Commonwealth was similar to and in the same vicinity with that the value of which was in issue, and that the taking was sufficiently near in point of time to make evidence of a sale competent under the familiar rule stated in *Chandler* v. *Jamaica Pond*

*Aqueduct*, 122 Mass. 305, testimony as to the amount received by its owner as damages awarded by a jury for its taking was incompetent. In *Wyman* v. *Lexington & West Cambridge Railroad*, 13 Met. 316, 326, Dewey, J., after deciding that evidence of an actual sale of adjacent land was competent, said : " If it had been a price fixed by a jury, or in any way compulsorily paid by the party, the evidence of such payment would be inadmissible." A price so fixed represents only the opinion of those who make it, and, as the grounds and reasons of their opinion are not known, and they cannot be presumed to have been qualified experts, and cannot be subjected to cross-examination by the parties whose rights the evidence will affect, their opinion is not competent evidence to show the value of other land. In *White* v. *Fitchburg Railroad*, 4 Cush. 440, it was held that evidence of the amount paid under an award of arbitrators for adjoining land taken from another owner by the same defendant was rightly excluded. See also *Cobb* v. *Boston*, 112 Mass. 181, 184 ; *Providence & Worcester Railroad* v. *Worcester*, 155 Mass. 35, 40.　　　　　　　　　　　　　　*Exceptions overruled.*