[No. 6747.    Decided October 7, 1907.]

*In the Matter of the Petition for Regrade of* JACKSON STREET ET AL., SEATTLE.[1]

EMINENT DOMAIN—TRIAL—VIEW BY JURY. A view of premises by a jury may be ordered in condemnation proceedings, under Bal. Code, § 4998, authorizing such views in civil actions; nor is said section limited by the act (Bal. Code, § 783) authorizing a view in condemnation proceedings without making provision for any person to point out the place.

TRIAL—VIEW BY JURY. Under Bal. Code, § 4998, the court may appoint a person other than an officer to point out a place to be viewed by a jury.

[1]Reported in 91 Pac. 970.

SAME—OBJECTIONS—NEW TRIAL—APPEAL—HARMLESS ERROR. The objections that a person appointed to point out property to a jury in making a view is an interested witness, and was not sworn, are too late if first made on motion for a new trial; and are not ground for reversal unless it is shown that a substantial right of the party was prejudiced.

EMINENT DOMAIN—DAMAGES—MITIGATION—EVIDENCE. Upon an issue as to the damages from the regrade of a street, evidence as to whether buildings, the foundations of which were destroyed, could be moved back or lowered or removed, is admissible.

SAME—INSTRUCTIONS—MUNICIPAL CORPORATIONS—LICENSE TO OCCUPY STREET. Upon an issue as to whether damages from the regrade of a street might be mitigated by the temporary removal of the buildings into the street, the court properly refused to instruct that the city could not grant an exclusive franchise for the use of any street, since the city might license the temporary occupancy of the street for such a purpose.

SAME—VERDICT—SEPARATE FINDINGS. It is only where property is taken, and not where it is damaged, that the jury may be required to make separate findings on the damages to buildings thereon and on the value of the buildings to be removed.

SAME—TRIAL—RECEPTION OF EVIDENCE. Where the city, at the commencement of the trial, offered the petition and certain documentary evidence to show its right to condemn, it is not necessary to reoffer the same upon taking up the question of damages to any particular property, and the same is in evidence for all purposes.

Appeal by defendants from a judgment of the superior court for King county, Poindexter, J., entered December 7, 1906, upon the verdict of a jury in condemnation proceedings. Affirmed.

*G. Ward Kemp*, for appellants.

*Scott Calhoun* and *O. B. Thorgrimson*, for respondent.

RUDKIN, J.—This is an appeal by property owners from a judgment entered on the verdict of a jury in a condemnation proceeding, instituted by the city of Seattle. The appellants were the owners of lots 5 and 6, of block 48, of D. S. Maynard's plat, situated on the corner of King street and Seventh avenue. The plan adopted for the regrade of Jackson and

other adjacent streets of the city called for a cut of approxi-
mately 45 feet in the streets abutting on the appellants' prem-
ises.  This cut was to be made with one to one slopes, so that
the top of the cut would extend approximately 45 feet back
on the adjacent lots, and would destroy, in whole or in part,
the foundations of some four or five buildings situated on the
appellants' lots and owned by them.  During the progress of
the trial the court directed that the jury view the premises in
charge of Mr. Alexander, one of the bailiffs of the court, and
that a Mr. Jeffrey, the same person who pointed out the King
street property to them, should also point out this particular
tract.  At the time this order was made, the appellants inter-
posed a general objection "to the court allowing Mr. Jeffrey
or any person to go with the jury except the bailiff," and ex-
cepted to the court's ruling.  In an affidavit filed in support
of a motion for a new trial, the further objection was raised
that Mr. Jeffrey was an officer of the city and a witness on the
trial, and was not sworn to perform any duty except as such
witness.  For reasons hereinafter stated, the specific objections
raised by the motion for a new trial cannot be urged at this
time.  The general statutes of the state provide that:

"Whenever in the opinion of the court it is proper that the
jury should have a view of real property which is the subject
of litigation, or of the place in which any material fact oc-
curred, it may order the jury to be conducted in a body, in
the custody of a proper officer, to the place, which shall be
shown to them by the judge, or by a person appointed by the
court for that purpose."   Bal. Code, § 4998 (P. C. § 612).

This section is broad enough to cover condemnation pro-
ceedings, and expressly authorizes the court to appoint a per-
son other than a bailiff to point out the place or property to
the jury.  Nor, in our opinion, is the scope of this section lim-
ited by the provision of the act under which this proceeding
was instituted, authorizing the court upon motion of the city,
or of any person claiming compensation to "direct that said
jury (under the charge of an officer of the court) shall view

the premises which it is claimed by any party to said proceeding will be taken or damaged by said improvement." Bal. Code, § 783 (P. C. § 5057). A view in many cases would be futile unless the judge or some person by him appointed was authorized to point out the particular place or premises to the jury, and we are satisfied that such a power exists in the courts of this state. Objections to the personnel of the person appointed or that he was not sworn should be taken at the time of the appointment, and cannot be urged for the first time on motion for new trial. *In People v. Johnson,* 110 N. Y. 134, 17 N. E. 684, the court said:

"The omission of the trial court to cause the officer in charge of the jury, while taking a view, to take the oath prescribed by § 412, was an irregularity merely, which could be waived by the defendant, and was, we think, by the consent of his counsel that such view should be taken, and by his omission to object or call the attention of the court to the want of such oath."

The court further added:

"However that may be, it was, upon the facts in this case, a question for the court to determine whether any substantial right of the defendant had been prejudiced by the conduct complained of, and we do not think there is any sufficient reason for us to interfere in the conclusion reached by it in respect thereto."

Here, also, there is an utter failure to show that any substantial right of the appellants was prejudiced by the conduct complained of.

Testimony was admitted tending to show that some of the buildings might be lowered, or moved off the premises and moved back, after the lots were cut down to the regrade. The admission of such testimony is assigned as error. The testimony was so slight and general in its character that it would be difficult to predicate any prejudice upon its admission, but in any event the buildings were not taken, and the question whether they were a total loss to the owners, or could be low-

ered or moved back onto the lots after the regrade, would seem to be material. The question whether this could be done, or whether there was any place to put the buildings in the meantime, would go to the weight rather than to the competency of the testimony.

Error is next assigned in the refusal of the court to give the following instruction:

"The jury are instructed that the city of Seattle is prohibited by its charter from granting to any person an exclusive franchise for the use of any of the city streets or any part of the street;"

and other instructions of like import. These instructions were offered in answer to the contention of the city that the buildings might be moved into the streets while the lots were being cut down. It is a well-known fact that cities daily license persons to occupy portions of the streets while the streets or abutting property are undergoing improvements, and their right to do so is seldom questioned. The charge was properly refused.

The failure of the court to require the jury to make separate findings on the damages to the buildings, and the value of the buildings to the owners to remove, is also assigned as error. No request for such a direction was made and no exception was taken to the failure of the court to so charge. Under such circumstances it may well be doubted whether the question of the court's failure in that regard can be raised for the first time on motion for a new trial. But, without resting our decision upon that ground, the contention of the appellant cannot be sustained. The statute under which these proceedings were instituted, Bal. Code, § 775 *et seq.* (P. C. § 5050), makes a clear distinction between the taking and damaging of property. Whether such distinction is well founded in law we need not inquire, for it is only where property is taken within the purview of the statute that such findings are required. Bal. Code, § 784 (P. C. § 5058). The property in

this case was damaged only, and the above provision has no application.

In the course of the argument to the jury the question arose whether a certain property owner's petition was properly in evidence, and the court ruled that it was. This ruling is assigned as error. The defendants in the action were exceedingly numerous, and at the commencement of the trial the city offered certain documentary testimony of a general nature for the purpose of showing its right to institute the proceedings, such as the property owners petition, the city ordinances relating to the improvements, etc. It was not necessary to reoffer this documentary evidence every time the court took up the claim for damages to a particular tract, and the court correctly ruled that such evidence was in the case for all purposes.

The judgment is sustained by competent testimony, and there being no error in the record, the same is affirmed.

HADLEY, C. J., FULLERTON, CROW, DUNBAR, and ROOT, JJ., concur.