# FAY *v.* DISTRICT OF COLUMBIA.

EMINENT DOMAIN; EVIDENCE; FORMER ADJUDICATION.

1. Where, before an award assessing damages and benefits in a proceeding to condemn part of a lot for alley purposes has been confirmed, the municipal authorities institute another proceeding to condemn the remainder of the lot for purposes of a street, it is within their power, and probably within their duty, to abandon the first proceeding.

2. Under such circumstances, the proceedings in the first cause are admissible in evidence on behalf of the property owner in the second cause, as bearing upon the value of the remainder of the lot; but, where the owner of the lot, upon the refusal of the trial court to admit such proceedings in evidence and to instruct the jury that it should add to the compensation to be awarded him the amount assessed as benefits in the first cause, fails to prosecute an appeal in the second cause, the award therein becomes final, and he cannot, by taking an appeal from an order denying a petition to vacate the assessments for benefits in the first cause, successfully attack the award of damages in the second cause as too low, that award being final. (Following *Blackford* v. *Wilder*, 28 App. D. C. 535.)

No. 1998.   Submitted April 13, 1909.   Decided May 11, 1909.

HEARING on an appeal by a property owner from a judgment of the Supreme Court of the District of Columbia, sitting as a

District Court, in a proceeding to condemn land for street ex-
tension purposes, upon an agreed statement of facts.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by the plaintiff, Edward A. Fay, from a
judgment for the defendant, the District of Columbia, rendered
in the supreme court of the District, holding a circuit court,
upon an agreed statement of facts.

The plaintiff owned lot 14, in block 8, on Washington Heights,
said lot having a width of 50 feet and a depth of 100 feet.   On
July 12, 1905, the District of Columbia, pursuant to an act of
Congress of February 23, 1905, filed its petition in district
court cause No. 668, for the condemnation of the south 16 feet
and the east 8 feet of said lot for a public alley, and proceed-
ings were had therein, resulting in an award of $1,872 to the
plaintiff as compensation or damages for the land taken; and
the jury assessed $920 against the remainder of plaintiff's said
lot as benefits.   This verdict of the jury was confirmed by the
court September 20, 1906, and on October 27, 1906, the Dis-
trict authorities deducted said assessment of $920 from 'said
award or damages of $1,872, and paid the plaintiff the difference
of $950, which he accepted.   On July 24, 1906, the District,
pursuant to an act of Congress of June 29, 1906, filed its peti-
tion in district court cause No. 686, for the condemnation,
*inter alia,* of the remainder of plaintiff's said lot for the pur-
pose of the extension of Kalerama road.   Notice of that proceed-
ing was not given the plaintiff until March 18, 1907, and when
he accepted the said $950 on October 27, 1906, he did not know
of the pendency of cause No. 686, nor of the aforesaid act of
June 29, 1906.   Subsequent to October 27, 1906, proceedings
were had in said cause No. 686, resulting in an award to the
plaintiff of $3,597.20 as damages for the remainder of said lot.
The petition in that proceeding, as amended, set forth that the
District had acquired part of said lot for the purpose of opening

an alley, and referred to an annexed "map or plan showing the land to be taken," which we here reproduce:

Defendant's Exhibit "G."

This map or plan, was, of course, before the jury during the proceedings. In the hearing in that cause plaintiff requested the court to allow him to offer in evidence before the jury the proceedings in cause No. 668, in so far as they concerned plain-

tiff's lot, "and to instruct the jury that it should add to the compensation to be awarded plaintiff in that cause for his said remainder of said lot the said $920 deducted by the defendant as aforesaid, which request was objected to by defendant and refused by the court." No appeal was taken from the order of the court confirming the verdict in said cause No. 686. Subsequently plaintiff filed a petition in cause No. 668, to vacate said assessment of $920 made therein. This petition was denied, and no appeal was prosecuted therefrom. Thereupon plaintiff instituted this suit.

*Mr. George C. Gertman* and *Mr. John Ridout* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

While it is possible that injustice may have been done plaintiff as the result of the proceedings taken, we are constrained to conclude that he is now without redress. It was undoubtedly within the power, and, we may add, probably within the duty, of the District authorities, to have abandoned the first proceeding upon the institution of the second; for, when the second proceeding was instituted, the award and assessment in the first proceeding had not been confirmed. *Briscoe* v. *Macfarland,* 32 App. D. C. 167. But the District proceeded otherwise, and it became the duty of the plaintiff to safeguard his own interests. When the hearing was had in cause No. 686, the proceeding in cause No. 668 was completed, and a public alley had been carved out of plaintiff's lot. While the physical condition of the lot remained the same, the value of the lot, had nothing further been done, was unquestionably enhanced by the dedication, through this proceeding, of land for the purpose of a public alley. The jury, in assessing benefits, looked to the future, as it was bound to do. *Louisville & N. R. Co.* v. *Barber*

*Asphalt Paving Co.* 197 U. S. 433, 49 L. ed. 821, 25 Sup. Ct. Rep. 466.

Inasmuch, however, as the proceedings in cause No. 686 and cause No. 668 involved the same parties, and, in part, the same question, we think the proceedings in cause No. 668, so far as applicable, clearly admissible in cause No. 686. The question before the jury in cause No. 686 was the *value* of the remainder of plaintiff's lot. A jury in another proceeding between the same parties had recently determined that its original value had been enhanced to the extent of $920 by reason of the laying out of said alley. The alley, at the time of the second proceeding, was to be merged into a street; but the plaintiff was entitled, nevertheless, to have it taken into consideration on the question of the value of the remainder of his lot. As bearing upon that question, said adjudication in the former proceeding should have been admitted. Adjacent property owners had escaped paying $920 in the prior proceeding because of the action of the jury in that cause in assessing that amount against plaintiff on account of benefits thought to flow from the laying out of said alley. Having profited by the assessment against the plaintiff in the first proceeding, these adjacent property owners, who, of course, were parties to both proceedings, were in no position to object to the consideration of that assessment by the jury in the second proceeding. It was an evidential fact, and should have been before the second jury. But the plaintiff prosecuted no appeal from the action of the trial court in refusing to permit this assessment to go before the second jury. Failing to do so, the award became final, and as binding upon him as though no error had been committed. The plaintiff in this suit in effect says that the award of the jury in that proceeding was too low. It will thus be seen that what he is really seeking here is a readjudication of a question already finally determined. This he cannot do, for "whether the former decision was right or wrong, or was induced by the want of the particular evidence that was offered in the present case, is not the question. However, that might be, it was final, and put an end to the litigation." *Blackford* v. *Wilder*, 28 App. D. C.

535; *New Orleans* v. *Citizens' Bank,* 167 U. S. 371, 42 L. ed. 202, 17 Sup. Ct. Rep. 905; *Werlein* v. *New Orleans,* 177 U. S. 390, 44 L. ed. 817, 20 Sup. Ct. Rep. 682.

For the reasons given, the judgment must be affirmed, with costs.                                                                 *Affirmed.*