[No. 10557. Department Two. January 24, 1913.]

THE CITY OF SEDRO-WOOLLEY, *Appellant,* v. ROSE L. WILLARD *et al., Respondents,* JOSEPH LEDERLE *et al., Defendants.*[1]

EVIDENCE—OPINION EVIDENCE — VALUES — QUALIFICATIONS OF EXPERTS. Property owners occupying their property and familiar with land values in the community, who are acquainted with a particular property, are qualified to express an opinion of its value, even if their estimate was higher than sales of other property; and their interest only affects their credibility.

EMINENT DOMAIN — COMPENSATION — EVIDENCE—SUFFICIENCY. A finding that a building condemned was worth $1,000, when the experts' highest estimate was $750 to $800, does not show that the jury was prejudiced, considering the character, condition and uses to which it might be put and the fact that it would cost $1,285 to replace it.

EMINENT DOMAIN—PROCEEDINGS—VIEW. Rem. & Bal. Code, § 344, making it discretionary with the court to order a view of premises, applies to condemnation proceedings.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered December 11, 1911, upon the verdict of a jury awarding damages in condemnation proceedings. Affirmed.

*George D. Greene* and *Coleman & Gable,* for appellant.

*Thomas Smith,* for respondents Lederle Heirs.

*Hurd & Hilen,* for respondents Stromberg *et al.*

MOUNT, J.—This action was brought by plaintiff to condemn certain property for street purposes in Sedro-Woolley, a city of the third class, in Skagit county. After an adjudication of public use and necessity, the value of the property taken was tried to the court and a jury. A verdict was returned fixing the value of the several pieces of property sought to be taken, and a judgment was entered in favor

[1]Reported in 129 Pac. 372.

of the defendants for the amounts found. The city has appealed.

After the appeal was taken, the defendant Joseph Lederle died. Rose L. Willard, the administratrix of his estate and guardian *ad litem* of the minor defendants, has been substituted as respondent. A large number of assignments of error are made in the brief. The first fifteen of these assignments are to the effect that certain witnesses for the respondents were not qualified to express an opinion of the value of the property. Each one of these witnesses, however, stated that he was acquainted with the particular property and knew its value. They placed the value at a higher figure than sales of other property in that vicinity had been made for, but that of itself did not make their testimony incompetent. They testified that values had materially appreciated since such sales.

In *Port Townsend Southern R. Co. v. Nolan*, 48 Wash. 382, 93 Pac. 528, we said: "The owner who occupies his property and is familiar with its character and the purposes for which it may be used, and to a greater or less extent with land values in the community, is a competent witness." The testimony of the witnesses complained of was competent under this rule. The fact that they were interested in the property was a circumstance to be considered by the jury as affecting their credibility.

It is argued that the highest value placed upon a certain building was $750 to $800, and the jury found this building to be worth $1,000; and it is contended that the jury was therefore prejudiced. We think there was evidence tending to show that the building was worth about $1,200. But if the estimate of the witnesses placed the value at the figure stated, we think this does not necessarily show prejudice, because the character, condition, and uses to which the building might be put were all items which the jury had a right to consider; and when it was shown that it would cost $1,285

to replace it, we cannot say that the jury was actuated by prejudice.

It is also argued that it was error to send the jury to view the premises, and that the court erred in instructing the jury upon that question. The statute permits such view within the discretion of the court. Rem. & Bal. Code, § 344. And it has been held that this section applies to condemnation cases. *Bellingham Bay & B. C. R. Co. v. Strand,* 4 Wash. 311, 30 Pac. 144; *In re Jackson Street,* 47 Wash. 243, 91 Pac. 970. An instruction complained of was copied from the case of *Seattle & M. R. Co. v. Roeder,* 30 Wash. 244, 70 Pac. 498, 94 Am. St. 864, where it was approved. The other assignments of error do not require further notice.

There was no error in the record, and the judgment is affirmed.

MAIN, ELLIS, FULLERTON, and MORRIS, JJ., concur.