[No. 11209.    Department Two.    December 5, 1913.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*, v.
UNION LUMBER COMPANY, *Appellant*.[1]

TRIAL—VIEW OF PREMISES—DISCRETION. It being discretionary to grant a view of the premises, it is not error to refuse to allow a juror, who was substituted by consent after a view, to make a view of the premises.

EMINENT DOMAIN—DAMAGES—EVIDENCE—SUFFICIENCY. A jury may award damages in a condemnation proceeding, although no witness testified as to the amount of the damages, where the plan of the improvement was shown by maps and drawings and explained by witnesses, and it was shown exactly what the petitioner desired to condemn.

SAME—EVIDENCE—ADMISSIBILITY. In condemnation proceedings, it is not error to admit in evidence a plan of the contemplated improvement, without any stipulation or offer showing what was to be condemned, where such stipulation was subsequently made.

SAME—DAMAGES—EVIDENCE—ADMISSIBILITY. In proceedings to condemn a right to cross a logging railroad, by elevating the logging road, evidence of a decrease in the fair market value of defendant's sawmill and manufacturing plant, of which the logging road was merely a part or plant facility, on account of the hazard of operation at the crossing, is inadmissible as too remote and speculative.

SAME—INSTRUCTIONS. In proceedings to condemn the right to cross a logging road by elevating its tracks, instructions held to fully cover the case as favorably as defendant could ask, where they

Reported in 137 Pac. 306.

were to the effect that the jury may, in awarding damages, consider whether the logging road is diminished in value, its capacity reduced, or expense of operation increased, also the additional expense. to insure safety, excluding any damages or liability on account of accidents at the crossing, the measure of damages to be determined by reference to the fair market value of the defendant's property including its sawmill plant of which the logging road was a part, before and after the changes, without regard to any benefits that might result from the construction of the petitioner's road.

Appeal by defendant from a judgment of the superior court for Thurston county, Mitchell, J., entered November 11, 1912, upon the verdict of a jury awarding damages in a condemnation proceeding. Affirmed.

*Thos. M. Vance* and *H. L. Parr* (*John M. Cleary*, of counsel), for appellant.

*Geo. T. Reid, J. W. Quick*, and *L. B. da Ponte* (*P. M. Troy*, of counsel), for respondent.

MOUNT, J.—This appeal is from an award of damages in a condemnation proceeding.

The Northern Pacific Railway Company brought the action to condemn a portion of an easement for its line of railway across the logging road of the Union Lumber Company, in Thurston county. After the action was brought, the trial court, upon a hearing, adjudged the public use and necessity for the taking of a portion of the easement by the railway company. The Union Lumber Company thereupon, by certiorari in this court, reviewed the decree of necessity and public use, and we held that the Northern Pacific Railway Company might, by condemnation, proceed to take a portion of the easement of the lumber company by constructing an overhead crossing for the use of the lumber company so long as the latter company should see fit to operate its logging road. Thereafter the question of the amount of damages to the lumber company was tried to the court and a jury. A verdict was, returned in favor of the lumber company for $8,000, and that company prosecutes this appeal.

A large number of errors are assigned in the appellant's brief, several of which it will not be necessary to notice by reason of the conclusion reached in the certiorari proceeding, which is found reported in *State ex rel. Union Lumber Co. v. Superior Court*, 70 Wash. 540, 127 Pac. 109. We shall notice the alleged errors which were not therein considered.

After the jury had been selected to determine the award in damages, by consent of the court and counsel for the respective parties, the jury was permitted to examine the premises. Thereafter, by consent of the court and counsel for the respective parties, one of the jurors was excused from further consideration of the case. Another juror was thereupon selected. The appellant requested that this juror be permitted to view the premises also. The court denied this request. It is now alleged that the court erred in not permitting this juror to view the premises. There is no prejudicial error in this ruling. It is within the discretion of the court whether a view of the premises shall be permitted. *Bellingham Bay & B. C. R. Co. v. Strand*, 4 Wash. 311, 30 Pac. 144. In *In re East Spring Street*, 41 Wash. 366, 83 Pac. 242, we said:

"The jury is not permitted to view the premises for the purpose of gathering evidence, but for the purpose of better understanding the evidence which has been adduced before it regarding said premises."

The fact that one juror was not allowed to view the premises cannot be held to be prejudicial error, in view of the rule that it is discretionary with the trial court to grant a view, and also in view of the rule that a view of the premises is merely for the purpose of understanding the evidence. It may be true that this juror might have understood the evidence more perfectly had he been conversant with the premises. But it certainly cannot be held reversible error because he was not permitted to do so. The evidence seems plain upon its face and we are not satisfied that this juror did not

understand the evidence as well as those who actually viewed the premises.

The appellant next contends that the court erred in denying a motion for dismissal of the action at the close of petitioner's case, and also at the close of all the evidence, for the reason that it is claimed by the appellant that no evidence was introduced upon the question of damages to the property taken or damaged by the railway company. It may be true that no specific items of damages were enumerated by the witnesses for the condemning party; but it is plain from the record that the whole plan of the improvement was stated to the jury; maps and drawings were introduced in evidence and explained by the witnesses, which showed exactly what the petitioning railway company desired to take. It seems too plain for argument that the jury was authorized upon these facts to determine what the amount of damages was, if any, even though no witness testified what the damages would amount to.

It is also urged by the appellant that the court erred in receiving in evidence a plan of the contemplated improvement without the same being reduced to the form of a stipulation and offer showing what the condemning party desired to do. Even if this might be considered as error, a stipulation was subsequently made in the case which conformed to the plan as shown by the exhibit referred to. There was, therefore, no error committed, because it is plain upon the face of the record that the exhibit, whether introduced before the stipulation or afterwards, became a part of it, and explained the stipulation. No error can be based upon the order of proof.

The appellant argues that the court erred in refusing to permit the respondent to show that the operation of the logging road over the four-track system of the Northern Pacific Railway Company, would decrease the fair market value of the appellant's sawmill and plant, on account of the hazard of the operation of the logging road across the Northern Pacific Railway Company's system. It is appar-

ent, we think, that this item of damage is remote and specu-
lative. While it is true that the logging railway was a part
of the sawmill plant, which was operated at a distance of a
mile or so from the crossing and was a plant facility merely,
it does not necessarily follow that the sawmill plant itself
was affected by the taking of a part of the easement of the
logging road. If, after the part of the easement was taken
by the Northern Pacific Railway Company, the operation of
the logging road or plant facility was as convenient, econom-
ical, and efficient as it was before the taking, there could be
no possible injury to the plant as such. The rule is stated
in 15 Cyc. 698, as follows:

"Where one railroad company appropriates the right of
way of another railroad, the measure of damages is the loss
and inconvenience necessarily incidental to the reconstruc-
tion and keeping in repair of that part of the first road
which is occupied by the second, excluding the loss resulting
from mere competition. The first company is likewise en-
titled to damages for all actual or direct injuries resulting
from a new and additional use to be made of its right of way.
However, the inconvenience to or interruption of a company's
business, such as the stopping of trains at the crossing, is
not an element to be considered in estimating damages; nor
is the increased liability to accident by reason of the crossing
a proper element of damage. However, the cost of erecting
signals and maintaining a crossing system, as well as the
cost of a watchman, is a proper element to be considered in
awarding damages to the company whose right of way is
sought to be crossed by another railroad."

This was the rule adopted by this court in *State ex rel.
North Coast R. Co. v. Northern Pac. R. Co.*, 49 Wash. 78,
94 Pac. 907. The mere fact that this logging railroad was a
plant facility did not change the measure of damages in the
respect stated. We are satisfied that the damages which
were attempted to be proved with relation to the mill and
manufacturing plant of the Union Lumber Company were too
remote and speculative to be considered by the jury, and that
the court therefore properly excluded such testimony.

The appellant argues at length that the court erred in re-
fusing to give certain requested instructions and in giving
certain instructions.   The instructions that were given, we
think, fully covered the law of the case and were as favorable
to the appellant as it could reasonably demand.

The court instructed the jury:

"If the property is depreciated in value by rendering the
same less useful for the purpose to which it is devoted, or if
its capacity to transact its business is reduced, or if the
expense of transacting its business is increased by the cross-
ing, the owners of such road are entitled to compensation
therefor.   Therefore, if the jury finds from the evidence that
the respondent's logging road will be diminished in value, as
above explained, taking into consideration the purpose of the
logging road and its connection with respondent's plant and
property you will allow the respondents such sum as will be
fair and just compensation."

And again:

"You have the right and it is your duty to take into con-
sideration whatever, if any, additional expense respondent
will be put to in order to reasonably insure safety in the
operation of its logging road and trains, having reference to
the lives and property of its own and any other factor that it
must reasonably take notice of in operating its trains just
as the situation will be, including whatever change there
may be in structural conditions or distance, not as an element
of specific damages but as a burden cast upon respondent's
property affecting the market value thereof. You may not,
however, take into consideration any damages or liability
therefor, on account of accidents that may or may not happen
at the crossing."

And again the court instructed the jury:

"You are instructed that the measure of damages in such
case as this is to be determined as of the present time, and
is the difference, if any, in the fair, cash, market value of re-
spondent's property (consisting of its sawmill and shinglemill
plants, its land and timber holdings and rights, its logging
railroad and right of way as they are used, needed and
operated together) with the changes proposed and as pro-

posed by the petitioner, including the temporary track proposed and to be used by respondent while permanent changes are in course of construction, and its present fair cash market value as it is now and without any changes, which amount is to be ascertained and determined without regard to any benefit that may result from the construction of petitioner's railroad."

These instructions were as favorable to the appellant as it could reasonably ask. They covered the law of the case fully and fairly.

A reading of the evidence in the case convinces us that the award of $8,000 damages given by the jury to the appellant was ample to cover all character of damages that have been or will be sustained. The cause, we think, upon the whole was fairly tried. No good reason for reversal is shown.

The judgment is therefore affirmed.

CROW, C. J., and MORRIS, J., concur.

PARKER, J. (concurring)—I concur in the foregoing opinion, but so far as the court's denying a view of the premises by the new juror is concerned, I desire to be understood as concurring upon the sole ground that he was brought into the case by consent of all parties after the jury had viewed the premises. I doubt the right of the court to let the jurors view the premises other than in a body, though this may be waived, as it was in effect here.