## JUSTICE et ux. v. UNITED STATES.
### No. 10691.

Circuit Court of Appeals, Ninth Circuit.

Oct. 10, 1944.

James G. Mulroy, of Seattle, Wash., for appellants.

Norman M. Littell, Asst. Atty. Gen., and Vernon L. Wilkinson and Kelsey M. Mott, Attorneys, Dept. of Justice, both of Washington, D. C., and Frank P. Keenan, Sp. Asst. to Atty. Gen. (C. Girard Davidson, General Counsel, Bonneville Power Administration, of Lafayette, La., of counsel), for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

The jury fixed the sum of $500 for the taking of a right of way over farm land owned by Carl E. Justice and Beatrice Justice. The owners, feeling themselves aggrieved by the amount awarded, appeal and press two assignments of error.

The court refused appellants' request that the jury be shown the land, and they cite §§ 906 to 920, inclusive, of Remington's Revised Statutes of Washington, wherein the procedure for the condemnation of school sites is prescribed. Section 912, supra, provides, inter alia, that the jury shall be allowed to view the premises if all interested parties request it and the court may allow such view if any of the parties request it.

It will be noted that the procedure just alluded to is prescribed for school site acquisitions. Appellants argue that the statutes cited apply as well to the instant proceedings. This cannot be for the reason that the Washington law provides a general statute which, we think, governs here. Washington Revised Statutes (Remington, 1932) § 344, provides: *"View by jury of premises.* Whenever in the opinion of the court it is proper that the jury should have *a view of real property which is the subject of litigation,* or of the place in which any material fact occurred, it *may* order the jury to be conducted in a body, in the custody of a proper officer, to the place, which shall be shown to them by the judge, or by a person appointed by the court for that purpose. * * * [emphasis added]."

This section has been applied to condemnation proceedings. City of Sedro Woolley v. Lederle, 1913, 71 Wash. 646, 129 P. 372, 373; In re Jackson St., 1907, 47 Wash. 243, 91 P. 970, 971. A view of the premises is a matter for the court's discretion. Northern Pac. Ry. Co. v. Union Lumber Co., 1913, 76 Wash. 563, 137 P. 306, 307; City of Sedro Woolley v. Lederle, supra; Bellingham Bay & B.C.R. Co. v. Strand, 1892, 4 Wash. 311, 30 P. 144, 147. We do not decide whether or not the Washington statutes upon this point would control the federal court for they appear to be in accord with the federal practice. In Murhard Estate Co. v. Portland & Seattle Ry.

Co., 9 Cir., 1908, 163 F. 194, 198, a case in eminent domain, this court said: "The question is left to the discretion of the trial court, and as the record before us shows that maps of the land were introduced, and that engineers testified in detail concerning the nature of the land * * * we cannot say that there was any abuse of discretion in not sending the jury to see the premises." Here, as in the cited case, engineering and physical data regarding the taking was furnished the jury, and there is no indicia of abuse of discretion present in the court's conclusion that a view of the premises by the jury was not needed.

The owners sought to introduce evidence as to another jury award had upon a prior proceeding for an adjoining right of way on the same farm. Error is claimed upon the court's refusal to receive such evidence. A jury's verdict as to value in a condemnation proceeding is the jury's conclusion as to the sum proved by the evidence of value submitted to it. It seems too obvious for argument that another jury's estimate from the evidence submitted to it would have no probative value in this case. Even if this were not true, the cases are not parallel. The first taking would necessarily present a different situation from the second taking. United States v. Reynolds, 5 Cir., 1940, 115 F.2d 294, 296; United States v. Foster, 8 Cir., 1942, 131 F.2d 3, 5, certiorari denied 318 U.S. 767, 63 S.Ct. 768, 87 L.Ed. 1138; United States v. Freeman, D.C. 1902, 113 F. 370, 371; Coos Bay Logging Co. v. Barclay, 1938, 159 Or. 272, 79 P.2d 672, 680; State v. Superior Court, 1909, 55 Wash. 64, 104 P. 148; Howe v. Howard, 1893, 158 Mass. 278, 33 N.E. 528, 529; 22 C.J. § 126; 31 C.J.S., Evidence, § 182.

Appellants rely upon a dictum in Fay v. District of Columbia, 33 App.D.C. 366. The cited case and the instant case are too different in fact for the one to constitute a guide in the other, but, if they were not, subsequent cases of the same jurisdiction nullify any possible effect upon this case, for they hold that the showing of the sum paid by the Government for comparable lands can only be shown where the sum was fixed out of court. Hannan v. United States, 1942, 76 U.S.App.D.C. 118, 131 F.2d 441, 442. See also United States v. Freeman, D.C.N.D.Wash.1902, 113 F. 370, 371; State v. Superior Court, 1909, 55 Wash. 64, 104 P. 148.

The record is short, and we have reviewed it fully and cannot say that the sum allowed is so inadequate as to constitute a miscarriage of justice.

Upon the foregoing we hold that the motion for a new trial was properly denied and that the judgment should be affirmed.

Affirmed.