**UNITED STATES of America,**
Appellant,

v.

**H. R. JOHNSON and John B. Johnson,**
Appellees.

No. 22937.

United States Court of Appeals Ninth Circuit.

Jan. 28, 1970.

Rehearing Denied March 10, 1970.

Jacques B. Gelin (argued), Raymond N. Zagone, Attys., Shiro Kashiwa, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Wm. M. Byrne, Jr., U. S. Atty., Ernestin Tolin, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Monta W. Shirley (argued), George W. Nilsson, Los Angeles, Cal., for appellees.

Before HAMLEY, CARTER and KILKENNY, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

The question presented here is whether the compensation fixed in an earlier condemnation action for a taking of use and occupancy of land for a term of years is *res judicata* in a subsequent condemnation proceeding for another term of years involving the same parties and the same land. We hold it is not.

The land in question is owned by appellees. In 1953, the government brought an action condemning the land for a term of years beginning July 1, 1953. The term was to continue through June 30, 1954, and be extendible for subsequent yearly periods through June 30, 1960. In July 1958, a jury verdict fixed compensation for this term taking at $2,700 per year, and the owners were awarded an additional $18,000 for restoration costs covering the buildings and equipment destroyed.[1]

In 1960 the government brought a second action to condemn the same property for a term running from July 1, 1960 through June 30, 1965. The parties executed a consent judgment fixing the annual rental for the property at $2,700 per year.

On June 30, 1965, the government commenced the present action to condemn the same property for a third term taking from July 1, 1965 until June 30, 1970. Appellees contend that the prior judgment in the first action and the prior stipulated judgment in the second action were controlling as to the rental value of the term under the doctrine of res judicata, and that therefore the government should pay $2,700 per year for the third term taking. Appellees' motion for summary judgment for fair compensation at the rate of $2,700 per year was granted, and the government appealed.

The government contends, and we believe correctly, that the doctrine of *res judicata* is inapplicable in a situation involving successive condemnation proceedings, each taking the property for a term of years. Granted, the doctrine dictates that a valid judgment, rendered

---

1. There is a dispute as to whether the compensation and award given in this proceeding were for the land in an improved or unimproved state. Since the issue does not affect our decision in this case we do not address ourselves to it.

on the merits, is an absolute bar to a subsequent action between the same parties or their privies, *upon the same cause of action.* However, the successive proceedings here under consideration were not based on the same cause of action.

The causes of action were different because the term of each taking was for a different period *in time.* A condemnation of land—and the accompanying determination of fair rental value—for a term from July 1, 1953 to July 1, 1960, is not based on the same cause of action as a condemnation of the same land for a term from July 1, 1960 to July 1, 1965. Likewise a temporary taking for a term from July 1, 1965 to July 1, 1970, is another cause of action. Although the land and the parties are the same, *the period in time,* involved in the third taking is a different and changed circumstance. See Justice v. United States (9 Cir. 1944), 145 F.2d 110, 111.

 After filing on June 30, 1965, the present action to condemn the term of years, the government secured an order for possession. Appellees make much of the fact that the order provided "The United States has a right to exercise and continue to exercise its present possession of the property * * *". It was a valid order granting the United States possession of the property. The mere fact that it referred to the previous possession of the government does not invalidate the order of possession. The order merely recited existing facts, namely that the United States had been in possession, and the order continued that possession. The order however, did not have the effect of tying the fair market value of the new term taking to the amount thereto-fixed for either of the previous takings.

"The power of eminent domain is an inherent attribute of sovereignty, is inexhaustible and may be exercised as often and as many times and at such periods as may be necessary to discharge and perform a Congressional mandate to accomplish the public use authorized and directed." United States of America v. Acres of Land,

etc. (D.C.So.Cal.1958), 164 F.Supp. 451 at 464 (Aff. in Carlstrom v. United States (9 Cir. 1960), 275 F.2d 802).

It is well established that the value of property condemned is to be ascertained as of the date of taking, United States v. Miller, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336 (1943). The evidence of a prior award would not be admissible in an action for a subsequent taking. See Justice v. United States (9 Cir. 1944), 145 F.2d 110, 111.

The facts of the present case indicate two prior temporary takings, each of which represented a separate and independent act of condemnation, and a separate cause of action. The same is true of the term condemnation here in issue. It is a separate and independent taking and a new cause of action, pursuant to which the value of the property in question, as of the date of taking, must be ascertained. The date of taking was 11:59 PM on June 30, 1965, or more accurately, the beginning of the day of July 1, 1965.

The judgment is reversed and the case remanded.