[No. 18498.   *En Banc.*   March 18, 1924.]

LONGVIEW, PORTLAND & NORTHERN RAILROAD COMPANY,
*Respondent,* v. S. A. SETTLE *et al., Appellants.*[1]

EMINENT DOMAIN (151)—APPEAL—DECISIONS REVIEWABLE—ORDER
GRANTING NEW TRIAL. In condemnation proceedings, neither party
can appeal until a final judgment for damages has been entered, in
view of Rem. Comp. Stat., § 931, permitting an appeal only on the
question of damages; hence no appeal lies from an order granting a
new trial.

Appeal from an order of the superior court for Cow-
litz county, Kirby, J., entered October 1, 1923, granting
a new trial, after the verdict of a jury awarding dam-
ages in condemnation proceedings.   Dismissed.

*Chester A. Sheppard* and *A. H. Imus,* for appellants.
*Fisk & McCarthy, J. H. Secrest, C. E. Lombardi,* and
*Roscoe C. Nelson,* for respondent.

HOLCOMB, J.—An order of necessity having been
entered in favor of respondent in condemnation pro-
ceedings, a jury was summoned to determine the dam-
ages, a trial was had, and the jury returned a verdict
awarding damages to appellants in the sum of $19,000.
Thereupon respondent filed a motion to reduce the
award to $8,000 on the grounds: first, that there was
no competent evidence to substantiate an award of
$19,000, or any other or greater sum than $8,000; and
second, that the award was the result of passion and
prejudice.   Thereafter respondent moved for a new
trial upon practically the same grounds.   The trial
judge, after having considered the matter some time,
made a ruling that unless appellants should, within a
stipulated time, consent to a reduction of the award

[1]Reported in 223 Pac. 1058.

to $15,500, a new trial would be granted.    Appellants
refused to accept the reduction of the award, and on
October 1, 1923, the trial court entered an order grant-
ing a new trial.    From the order granting a new trial,
the defendants have appealed.

Respondents have moved to dismiss the appeal for
the reason that this court has no jurisdiction of an ap-
peal from an order granting a new trial in condemna-
tion proceedings.

It is conceded by appellants that §§ 921 to 936, in-
clusive, Rem. Comp. Stat. [P. C. § 7646 *et seq.*] govern
the method of appropriation of private property by
private corporations for public use, and that § 931,
*supra,* relates to appeals in such proceedings, which
reads as follows:

"Either party may appeal from the judgment for
damages entered in the superior court to the supreme
court of the state within thirty days after the entry
of the judgment as aforesaid, and such appeal shall
bring before the supreme court the propriety and just-
ness of the amount of damages in respect to the parties
to the appeal;  . . . ."

Appellants contend that an appeal which brings be-
fore the court the propriety and justness of the amount
of the damages is proper and may be heard.    They cite
the following cases: *Western American Co. v. St. Ann
Co.,* 22 Wash. 158, 60 Pac. 168; *State ex rel. McCormick
v. Superior Court,* 43 Wash. 91, 86 Pac. 205; *State ex
rel. Nelson v. Superior Court,* 31 Wash. 32, 71 Pac. 601;
*Fruitland Irrigation Co. v. Smith,* 54 Wash. 185, 102
Pac. 1031.

It is also urged that, under the above decisions, this
court has jurisdiction of an appeal from an order
granting a new trial in a condemnation suit.

In all the cases cited final judgment had been en-

tered, or the court alluded to final judgments.   In *Western American Co. v. St. Ann Co., supra,* we said:

"The right of appeal, in the absence of constitutional provision, . . . . is purely statutory; and while the courts have always sought, and probably ought to seek, to sustain the right of appeal, rather than to refuse it, it must be ascertained from the statute if such right is bestowed."

The statute, which was the same then as now, was then quoted, and the opinion further said:

"If, as contended by appellant, the general statute in relation to appeals was intended to apply to these proceedings, the statement just quoted from the statute would have been unnecessary, for the appeal, in any event, would have brought before this court the propriety and justness of the amount of damages, which, as a general rule, is the real subject of the controversy; . . . . This is a special law, and was not repealed or affected in any way by the general law in relation to appeals.   This court, in *Seattle & Montana R. Co. v. O'Meara,* 4 Wash. 17 (29 Pac. 835), held that the provision of the act of March 21, 1890, regulating appeals in condemnation proceedings, being a special enactment, is not repealed by the general statute of 1891, . . . ."

It was also held in the case quoted that the constitutional provision, art. IV, § 4, conferring on the supreme court appellate jurisdiction in all cases or proceedings, with certain exceptions, is not self-executing, but confers a power which is dormant until methods of appeal shall be prescribed by the legislature, or by the rules of the court itself.   The reasoning in that case, as well as the former case cited in it, has been followed in many subsequent cases, a few of which are: *State ex rel. Davis v. Superior Court,* 82 Wash. 31, 143 Pac. 168; *State ex rel. Washington Public Service Co. v. Superior Court,* 86 Wash. 155, 149 Pac. 652; *Ham,*

*Yearsley & Ryrie v. Northern Pac. R. Co.,* 110 Wash. 467, 188 Pac. 527.

Appellants contend that, under the Washington statutes, the term ''judgment'' means final determination of the rights of the parties, and that it is not necessary that the judgment be formal or written.

It must be remembered that there is, so far, no final judgment entered in this case. The case is pending upon the order for a new trial. Had appellants accepted the order and award made by the trial court, the petitioning appropriator would have had a right to appeal from that final judgment when it had been entered, and had appellants accepted the award as made by the trial court, they would be estopped from appealing. Hence the appropriator has a greater advantage under the appeal statutes in condemnation proceedings than has the landowner, but that is the fault of the statute.

As was said in *Olympia Light & Power Co. v. Tumwater Power & Water Co.,* 55 Wash. 392, 104 Pac. 778.

''No damages have as yet been awarded, and it is evident that no appeal authorized by the eminent domain act could be prosecuted by the original parties from the order here involved.''

See, also, *North Coast R. Co. v. Gentry,* 58 Wash. 80, 107 Pac. 1059; *Chicago, Milwaukee & P. S. R. Co. v. Slosser,* 82 Wash. 467, 144 Pac. 706.

There being no final judgment for damages entered in this cause, no appeal can be prosecuted by either party. The appeal must therefore be dismissed.

MAIN, C. J., TOLMAN, PARKER, FULLERTON, BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.