[No. 23888.   Department One.   August 17, 1932.]

The State of Washington, *Respondent*, v. W. N. Prindle *et al.*, *Appellants*.[1]

Samuel R. Buck, for appellants.

The Attorney General and E. P. Donnelly, Assistant, for respondent.

Mitchell, J.—This action was brought by the state to acquire by condemnation proceedings certain real property in San Juan county. An order of public use and necessity was entered, from which no review was taken. A jury assessed damages in the sum of twenty thousand dollars. The state interposed a motion for a new trial because, among other things, the verdict was excessive. The trial court entered an order that a new trial be granted unless within thirty days the land owners accepted five thousand dollars for the property, which not having been done within the time fixed by the order, the court then entered an order granting a new trial. The land owners have appealed. The state has moved to dismiss the appeal for the reason that this court has no jurisdiction of an ap-

[1]Reported in 13 P. (2d) 425.

peal from an order granting a new trial in such proceedings.

Under essentially similar circumstances such a motion was granted in *Longview, Portland & Northern Railroad Co. v. Settle,* 128 Wash. 642, 223 Pac. 1058. In that case, a new trial was ordered because the land owners refused to accept an amount, less than the verdict, fixed by the court, else a new trial would be granted. The land owners appealed, and the condemnor moved in this court for a dismissal of the appeal for lack of jurisdiction. In discussing the motion, Rem. Comp. Stat., § 931, was cited as controlling, as follows:

"Either party may appeal from the judgment for damages entered in the superior court to the supreme court of the state within thirty days after the entry of judgment as aforesaid, and such appeal shall bring before the supreme court the propriety and justness of the amount of damages in respect to the parties to the appeal; . . ."

It was held that the right of appeal in such cases is purely statutory, that the law with reference thereto is a special law in no way repealed or affected by the general law in relation to appeals, and that there must be a final judgment for damages as a prerequisite to an appeal. In conclusion in that case, it was said:

"There being no final judgment for damages entered in this cause, no appeal can be prosecuted by either party. The appeal must therefore be dismissed."

True, Rem. Comp. Stat., § 931, cited in that case, applies to condemnation proceedings brought by *corporations* authorized by law to appropriate lands, real estate, etc., while the present action is brought by the state through one of its boards or committees. However, in condemnation proceedings by the state, we have a statute of the same kind, Rem. Comp. Stat., § 899,

which, with respect to the right of appeal, is identical in its controlling provisions with § 931.

The motion is granted, the appeal is dismissed.

TOLMAN, C. J., HERMAN, PARKER, and STEINERT, JJ., concur.