[No. 32922. Department One. July 19, 1954.]

THE STATE OF WASHINGTON, *on the Relation of Don Eastvold,
as Attorney General, Plaintiff,* v. THE SUPERIOR
COURT FOR KING COUNTY, *Ward Roney, Judge,
Respondent.*[1]

*The Attorney General, Paul Sinnitt* and *William C. Hallin,
Assistants,* for relator.

*Guttormsen, Scholfield, Willits & Ager,* for respondent.

OLSON, J.—The question presented is whether or not the
trial court, in a condemnation proceeding brought by the
state of Washington to acquire property for highway pur-
poses, has authority to grant a new trial, after a verdict by
a jury determining the compensation to be paid, and before
entry of judgment on that verdict.

An order adjudicating public use of the land in question
was regularly entered, and a jury trial was had to deter-
mine the amount of compensation to be paid to owners of
the property. A verdict was returned, but, before the entry
of judgment on that verdict, the owners moved for a new
trial. This motion was granted for the sole reason that,
"in the giving of Instruction No. 8-½ the court made an

[1]Reported in 272 P. (2d) 624.

error in law" prejudicial to the rights of the owners, and to which they took proper exception.

The state challenged the authority and jurisdiction of the court to grant this motion, and obtained a writ of certiorari from this court to determine that question. The merits of the motion are beyond the scope of the writ, and cannot be reviewed in this proceeding.

█ Assuming, and this assumption is not a violent one in view of the assertions of counsel for both parties and the expressions and ruling of the trial court, that the designated instruction was erroneous and prejudicial to the owners of the property, it was within the power of the trial court to grant a new trial.

In *Grays Harbor Boom Co. v. Lownsdale,* 54 Wash. 83, 88, 102 Pac. 1041, 104 Pac. 267 (1909), after a discussion of two cited United States district court cases holding that the trial court could not grant a new trial in a condemnation action for errors in the amount of the award, we stated:

"Admitting that the rule is well founded, the cases do not hold that a verdict concludes the law of the case. Although if a case be tried without error a court should be reluctant to grant a new trial because of excessive damages, when an improper element of damages is injected into the case, it becomes the duty of the court to set aside the verdict. Petitioner was entitled to have the question of damages submitted on a proper measure. This the court did not do."

A trial upon one theory, and instructions upon an entirely different theory, were disapproved, and a new trial was granted by this court for errors in the trial of that case. Also, see *United States v. Certain Parcels of Land in Spokane* (District Court, E. D. Washington, N. D.), 45 F. Supp. 899, 901 (1942), declining to follow the same two contrary decisions of the same Federal court, discussed in the *Grays Harbor Boom Co.* case, *supra,* and concluding that the inherent power of the trial court, under Washington law, to grant a new trial in condemnation cases remains undisturbed. Also, see for analogy *Barker v. Seattle,* 97 Wash. 511, 516, 166 Pac. 1143 (1917), affirming the power of the court to vacate a judgment in eminent domain proceedings, and

*State v. Prindle,* 169 Wash. 311, 312, 13 P. (2d) 425 (1932), denying the right to appeal from an order granting a new trial, in a condemnation proceeding brought by the state, and in which the authority of the trial court to entertain the motion was not raised.

We are not persuaded by the argument of the state that, because there is no statutory authority for such action in the condemnation statutes, it cannot be taken in such a proceeding. It is equally true that there is no statutory prohibition against such an exercise of the court's power. The statute (RCW 8.04.110 [*cf.* Rem. Rev. Stat., § 895]) is not inconsistent with the constitutional provision that the amount of compensation shall be determined by a jury, "as in other civil cases . . . in the manner prescribed by law," if the owners demand a jury trial. Amendment 9 to Art. I, § 16, state constitution.

■ If a case is to be submitted to a jury at all, it must be submitted to them upon instructions which properly state the law. This is one of the essential features of a jury trial. Without the guidance of proper instructions, the jury cannot reach a proper verdict. Or, stated in another way, a verdict reached upon improper instructions cannot be said to be a fair trial of the issues submitted to the jury.

Upon the state's theory in this certiorari proceeding, there would be no necessity for care in the preparation of requested instructions by counsel, or of instructions given by the court. This theory, carried to its logical conclusion, would have us hold that the trial court cannot grant a new trial, regardless of the propriety of the instructions given to the jury. This is not a sound result. It is not in accord with the necessities of a trial by jury "in the manner prescribed by law," and we decline to adopt it.

The authority of the trial court to grant the motion for a new trial must be sustained, and its order, as reviewed in this proceeding, is affirmed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.