[No. 33361.    Department One.    February 23, 1956.]

THE STATE OF WASHINGTON, *on the Relation of Don Eastvold, as Attorney General, Plaintiff,* v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Thomas R. Stiger and Edward M. Nollmeyer, Judges Thereof, Respondents.*[1]

[1]Reported in 294 P. (2d) 418.

*The Attorney General, Don Miles, Edward E. Level,* and *Newell Smith, Assistants,* for relator.

*Lycette, Diamond & Sylvester,* for respondents.

FINLEY, J.—The basic question in this case is whether certain eminent domain proceedings (initiated by the state highway department to acquire property for highway purposes) are valid.

The background of the matter and the questions involved are as follows: The state highway department sought and obtained an order of public use and necessity respecting certain property. Neither the department nor the property owner sought a review of the order within the period as allowed by statute.

Subsequently, just prior to the trial which was for the purpose of ascertaining the amount of damages to be awarded to the property owner, the state highway department determined that it would not be necessary to take all of the property as originally contemplated and as embraced in the order of public use and necessity theretofore obtained. The department filed an amended property description in the cause, which eliminated approximately nine tenths of an acre. Thereupon, at the commencement of the trial on the question of damages, counsel for the property owner objected to the efforts of the department to amend the property description and to take nine tenths of an acre less than the amount of property originally contemplated and as embraced in the order of public use and necessity.

The trial judge offered to continue the matter for the convenience of the attorney for the property owner and for the protection of the interests of the property owner; but when counsel for the property owner declined the offer, the trial judge permitted the lawsuit to proceed. In effect, the trial judge permitted amendment of the property description or the pleadings whereby the state would acquire nine tenths of an acre less than originally contemplated.

Both sides presented evidence regarding the lesser amount of property to be taken by the highway department. The department offered evidence that the damages suffered would be lessened by the construction of a cattle guard, or underpass, in any one of three locations, depending upon the choice or option of the property owner. The jury rendered a verdict and awarded damages to the property owner.

Thereafter, on motion of the property owner, the trial judge, by order, granted a new trial. The reasons given for so doing were (a) that he had erred in permitting the amendment to the property description or the pleadings whereby the state would acquire nine tenths of an acre less than originally contemplated and embraced in the order of public use and necessity, as originally obtained by the department; (b) that he had erred in permitting the introduction of evidence regarding the offer of the department to construct a cattle guard, or underpass, *at one of three locations*, depending upon the option of the property owner.

The department petitioned for a review by writ of certiorari, and the matter is now before us. The questions are: (1) whether the order granting the new trial is reviewable by certiorari; (2) whether the amendment of the property description or the pleadings was properly and validly permitted by the trial court; (3) whether it was proper for the state to introduce evidence that a cattle guard, or underpass, would be constructed in one of three possible locations, depending upon the option or choice of the landowner.

The theory upon which the state highway department is seeking certiorari is that a nonappealable order has been entered, depriving the state highway department of valua-

ble rights, and that the state will be without a remedy unless review can be obtained by certiorari.

We held in *State ex rel. Eastvold v. Superior Court*, 45 Wn. (2d) 48, 272 P. (2d) 624, that, under appropriate circumstances, the trial court may grant a new trial in condemnation proceedings. However, it is well settled that in such proceedings neither side may appeal until a final judgment for damages has been entered. *Longview, Portland & Northern R. Co. v. Seattle*, 128 Wash. 642, 223 Pac. 1058; *State v. Prindle*, 169 Wash. 311, 13 P. (2d) 425. Furthermore, the only matters then reviewable are errors respecting the propriety and justness of the award. RCW 8.04.150; *Coats-Fordney Logging Co. v. Grays Harbor Logging Co.*, 100 Wash. 491, 171 Pac. 241; *State ex rel. Northwestern Electric Co. v. Superior Court*, 27 Wn. (2d) 694, 179 P. (2d) 510.

If certiorari is denied in the case at bar, the case is likely to be retried. The alleged errors in granting the new trial would not be reviewable in an appeal arising out of the second trial. The state would be without an adequate remedy. We hold that certiorari lies. The motion to quash the writ is denied.

We believe that considerable liberality or leeway should be permitted in the amendment of pleadings under circumstances such as those involved in the instant case. This seems particularly appropriate when an objecting party is offered an opportunity for a continuance to combat any disadvantage occasioned by surprise, or otherwise; and especially, when a lesser amount of property is to be taken than was originally contemplated, and there is no clear indication that a property owner will be significantly harmed by allowing the amendment. Our view as to this aspect of the matter is further strengthened by the fact that the department could abandon the eminent domain proceeding *in toto*. *State ex rel. Troy v. Superior Court*, 38 Wn. (2d) 352, 229 P. (2d) 518; *State ex rel. Struntz v. Spokane County*, 85 Wash. 187, 147 Pac. 879; *State ex rel. Peel v. Clausen*, 94 Wash. 166, 162 Pac. 1; *South Carolina State Highway*

*Department v. Bobotes,* 180 S. C. 183, 185 S. E. 165, 121 A. L. R. 1; Lewis, Eminent Domain (3d ed.), § 955; 121 A. L. R. 12.

In the case at bar, it is true that the highway department (condemner) did not seek to abandon its entire claim. However, we believe that the right to abandon the entire claim necessarily includes the power to abandon, by amendment, a portion thereof. *In re Mt. Vernon Ave.,* 111 N. Y. S. 895, 127 App. Div. 650, affd. 193 N. Y. 658, 87 N. E. 1123; *Yolo Water & Power Co. v. Edmands,* 50 Cal. App. 444, 195 Pac. 463; *People v. Superior Court,* 47 Cal. App. (2d) 393, 118 P. (2d) 47, 120 P. (2d) 655; *Thompson v. Janes,* 151 Tex. 495, 251 S. W. (2d) 953. See, also, 5 A. L. R. (2d) 724, § 2; Waiver or relinquishment of part of land. In discussing a similar problem in *People v. Superior Court,* 47 Cal. App. (2d) 393, the court said:

"The contention that petitioner may not abandon condemnation proceedings as against any one parcel of property without abandoning the entire project is without substance. If, after the institution of a condemnation action, a plaintiff should determine that a certain parcel of land is not necessary in the operations contemplated, there is no law to prevent an abandonment of proceedings against the land in question."

In the recent case of *Thompson v. Janes, supra,* the Texas court held that a condemner has the right by trial amendment to dismiss the action as to a portion of the land involved. In the course of the opinion, the court stated:

"The condemning agency is accorded the right to dismiss as to a portion of the land when it decides that its purpose may be accomplished with less land than was initially sought."

We hold that it was not error in the instant case for the trial court to allow the amendment of the property description and to permit the department to take less property than originally contemplated.

Respondents contend that the trial court improperly admitted evidence of the construction plans, because nothing was contained in the petition or in the order adjudicat-

ing public use which in any way referred to underpasses or easements or rights to the use thereof. It is not necessary, however, that the order adjudicating public use be accompanied by specifications or plans showing the exact nature of the proposed construction. In *State ex rel. Union Lbr. Co. v. Superior Court*, 70 Wash. 540, 127 Pac. 109, the court said:

"That no specifications accompany the decree is no objection. The decree determines only the legal right; it does not attempt to indicate the facts to be determined before that right can be exercised. That inquiry and ascertainment may be left to the trial, and the jury can there determine the damages to be paid under a particular and designated use, to be shown by plats, designs, or other appropriate specifications, which become part of the record, and may be appropriately referred to in the final decree or judgment."

Respondents argue further that they are entitled to full and just compensation for the taking of and the damage to their land by the state highway department; and that promissory statements by the department pertaining to the construction of a cattle underpass and suggesting future use that may be made of the land by its owners are inadmissible. In support of this argument, they cite *State ex rel. Polson Logging Co. v. Superior Court*, 11 Wn. (2d) 545, 119 P. (2d) 694; and *State v. Smith*, 25 Wn. (2d) 540, 171 P. (2d) 853. The *Polson* case involved a promise by the condemner to gravel and maintain a roadway for the possible future use of the condemnee. In holding that such a promise did not affect the amount of the damages to be awarded, the court said:

"An unaccepted promise to do something in the future *in case certain emergencies arise* cannot affect the character or the extent of the rights acquired and cannot be considered as affecting the amount of damages to be awarded." (Italics ours.)

The *Smith* case involved proceedings by the state to condemn land used as a reservoir site by the condemnees. The state offered evidence to the effect that it would construct a new reservoir on another piece of land in which the condemnee had no interest, but would be given the right to

take water therefrom. We held the proffered stipulation inadmissible on the grounds that the condemner must take the rights which he seeks to appropriate unconditionally, and must make full compensation in money for what he takes.

Clearly, the *Polson* and the *Smith* cases are not controlling in the case at bar. We are not concerned here with a *conditional promise* to do something in the future or an offer to pay something in lieu of money. Nor are we concerned with an attempt on the part of the condemner to reduce the damages to the landowner by tendering an interest in property apart from the property sought to be condemned. The landowners are being *compensated in money* for all rights which they are *losing*. The effect of constructing the cattle guard in one of the three locations is to reserve in the landowner a proprietary right in the land.

■ The right to take property in condemnation cases, subject to certain easements of the landowner, so as to minimize his damages, is in accordance with the weight of authority. See 26 L. R. A. 751; 7 A. L. R. (2d) 392, § 6, Distinctions between promissory statements and binding stipulations, reservations, or limited condemnation. It is also in harmony with the fundamental principle that no greater estate or interest should be taken than reasonably necessary for contemplated public necessity or use.

"The law does not favor the taking or damaging of property for a public use beyond the necessities of the case, and if damages may be avoided by a waiver or stipulation definite and certain in its terms, which will fully protect the rights of all parties concerned, there is no reason why such a stipulation should not be received and acted upon." *Tacoma Eastern R. Co. v. Smithgall*, 58 Wash. 445, 108 Pac. 1091.

Finally, the respondents question the authority of the district engineer or the attorneys for the petitioner to bind the state as to the construction of the cattle guards. The district engineer is an employee and official of the state highway department. He is competent to testify relative to the construction plans. RCW 43.27.020 (4).

■ The commitments of the attorney general and his assistants are binding upon the state. RCW 43.10.030; RCW 43.10.060.

■■ Clearly, a party to an action is bound by the stipulations and agreements which are entered into by his counsel in open court as a part of the proceedings in the cause. It must be presumed that, when the attorney general appears for the state and makes representations in a condemnation proceeding, he acts within the scope of his authority.

Respondents contend that the result, suggested by the foregoing, is inconsistent with our holding in *Othello v. Harder*, 46 Wn. (2d) 747, 284 P. (2d) 1099, where we held that the mayor of a municipal corporation of the fourth class is clothed with no authority to speak for or to bind the town or the town council in a condemnation proceeding, unless specifically authorized to do so by ordinance. We do not agree with respondents' contention. Our decision in the *Othello* case involved an interpretation of particular statutory provisions which are not involved in the case at bar.

■ For the reasons stated, the third question is answered in the affirmative.

We find no merit in the contentions of respondents. It is our best judgment that the action of the trial court in granting the new trial should be reversed, and that the case should be remanded for further necessary proceedings involving the entry of judgment by the trial court on the verdict of damages as rendered by the jury. It is so ordered.

SCHWELLENBACH, DONWORTH, ROSELLINI, and OTT, JJ., concur.

March 21, 1956. Petition for rehearing denied.