[No. 35417. Department Two. October 6, 1960.]

THE STATE OF WASHINGTON, *Petitioner and Relator*, v. LORETTA G. McKENZIE, *Respondent*, THE SUPERIOR COURT FOR GRANT COUNTY, *Felix Rea, Judge, Respondent*.[1]

[1]Reported in 355 P. (2d) 834.

*The Attorney General* and *John C. O'Rourke, Assistant,* for petitioner and relator.

*John E. Calbom,* for respondent.

FINLEY, J.—Respondent, Loretta G. McKenzie, owns a tract of farm land, located at the southeast corner of the corporate limits of the city of Moses Lake. On the south, the tract abuts on primary state highway No. 18 (commonly known as U. S. 10) for a distance of twenty-five hundred feet. On the east, the tract abuts on secondary state highway No. 11-G for a distance of some forty-five feet. In addition, respondent owns a small piece of land (.046 acres)

which actually cuts across secondary state highway No. 11-G, as constructed.

In this action the state of Washington is seeking to acquire, by eminent domain, the smaller tract; and to condemn all rights of ingress and egress upon the two state highways with respect to the larger tract. The suits relative to each of these tracts were initially commenced separately; but, after the entry of proper orders of public use and necessity, the two causes were consolidated for jury trial on the issue of just compensation. The jury returned a verdict in the amount of thirty-five hundred dollars for respondent. Thereupon, she moved for and was granted a new trial.

█ The matter is now before us on a writ of certiorari obtained by the state of Washington (hereinafter referred to as relator) for review of the order granting a new trial. At the outset, it should be noted that relator has chosen the proper method of securing review of an order granting a new trial in a condemnation action such as this, for the reasons stated in *State ex rel. Eastvold v. Superior Court* (1956), 48 Wn. (2d) 417, 294 P. (2d) 418.[2]

The trial judge specified the following as the grounds for granting a new trial:

"1. Irregularities in the proceedings by the adverse party by which respondent was prevented from having a fair trial:   . . .

"2. Misconduct of the jury:   . . .

---

[2]"We held in *State ex rel. Eastvold v. Superior Court,* 45 Wn. (2d) 48, 272 P. (2d) 624, that, under appropriate circumstances, the trial court may grant a new trial in condemnation proceedings. However, it is well settled that in such proceedings neither side may appeal until a final judgment for damages has been entered. *Longview, Portland & Northern R. Co. v. Seattle,* 128 Wash. 642, 223 Pac. 1058; *State v. Prindle,* 169 Wash. 311, 13 P. (2d) 425. Furthermore, the only matters then reviewable are errors respecting the propriety and justness of the award. RCW 8.04.150; *Coats-Fordney Logging Co. v. Grays Harbor Logging Co.,* 100 Wash. 491, 171 Pac. 241; *State ex rel. Northwestern Electric Co. v. Superior Court,* 27 Wn. (2d) 694, 179 P. (2d) 510.

"If certiorari is denied in the case at bar, the case is likely to be retried. The alleged errors in granting the new trial would not be reviewable in an appeal arising out of the second trial. The state would be without an adequate remedy. We hold that certiorari lies.   . . . "

"3. Surprise which ordinary prudence could not have guarded against: . . .

"4. Error in the assessment of amount of recovery: . . .

"5. Insufficiency of evidence to justify the verdict:

"6. Substantial justice has not been done: . . ."

In conformity with Superior Court Rule 16, 34A Wn. (2d) 117 (now Rule of Pleading, Practice and Procedure, 59.04W, RCW Vol. 0), the trial court further set forth, in its order granting respondent a new trial, "definite reasons of law and fact for so doing."

We are convinced that none of the matters relied upon by the trial judge as reasons for granting a new trial in this case (whether viewed separately or together under the heading "substantial justice has not been done") support or justify the trial judge's conclusion that respondent is entitled to a new trial.

We can rather summarily dispose of the matters of "misconduct by the jury" (ground No. 2) and "surprise" (ground No. 3). First, with respect to the matter of misconduct, the trial judge relied upon an affidavit filed by Louise Southwood, one of the jurors who heard the case. Therein, affiant stated that, during the course of deliberations, one of the other jurors had argued (despite the trial court's instruction to the contrary) that, as the juror understood the law, respondent had no right of access to primary state highway No. 18, for which compensation should be paid by the state. By considering and acting upon the basis of this affidavit, the trial judge clearly allowed juror Southwood to attest to a matter inhering in the jury verdict, and thereby to impeach the verdict. The trial court may receive and consider the affidavit of any person who is competent to make an affidavit in support of or against a motion for a new trial insofar as such affidavit shows facts in relation to misconduct of a juror; *but the court may not consider such affidavits as to those things which inhere in the verdict. Dibley v. Peters* (1939), 200 Wash. 100, 93 P. (2d) 720.

■ As for the matter which the trial judge denominated "surprise which ordinary prudence could not have guarded against;" namely, certain testimony given by two expert witnesses called by relator, the contents of which will be hereinafter noted, relating to the effect of relator's proposed action upon the value of respondent's land, the record shows that respondent made no objection to the testimony on grounds of surprise at the time it was offered. Nor did she request a continuance. Consequently, respondent has waived any right to claim surprise as a ground for a new trial. *Ward v. Ticknor* (1956), 49 Wn. (2d) 493, 303 P. (2d) 998.

■ A portion of the same testimony of relator's two expert witnesses (Bruce Eslick and Walter M. Reeker)— which provided the basis for the trial judge's conclusion that respondent was entitled to a new trial on the ground of *surprise*—also constituted what the trial judge denominated an "irregularity in the proceeding by the adverse party by which respondent was prevented from having a fair trial." Early in the trial, the trial judge had ruled that, contrary to a claim made by relator, respondent had a right of access to primary state highwy No. 18.[3] Thereafter, witnesses, Eslick and Reeker, testified that, in their opinion, the value of respondent's land would not be reduced by a taking of her right of access on the above-noted highway. The trial judge concluded that this testimony constituted an "irregularity," because, in his words, the testimony "had the net effect of disregarding the ruling of the court wherein the court had previously held that Parcel 16 [respondent's larger tract] had a right of access, at the time

---

[3] In urging that respondent had no right of access on primary state highway No. 2, relator relied upon *State v. Calkins* (1957), 50 Wn. (2d) 716, 314 P. (2d) 449, wherein we held that

" . . . where a new limited-access highway is established by condemnation in an area where no highway previously existed, there is no taking of an easement of access, because such an easement has never in fact existed."

For the purpose of this appeal, relator concedes that the trial court's ruling rejecting an application of the *Calkins* case to the facts involved in the instant case was correct.

of trial, to Primary State Highway No. 18." We cannot agree with the conclusion reached by the trial judge. Assuming, without deciding, that testimony given in clear disregard of a ruling on a question of law by the trial judge would constitute such an "irregularity in the proceedings" as to justify the granting of a new trial; nevertheless, the record shows that relator's witnesses did not disregard the trial judge's ruling respecting the extent of respondent's right of access. Both Eslick and Reeker testified that they understood that respondent had a right of access on primary state highway No. 18, but that, in their opinion, the taking of such right simply would not diminish the value of respondent's land.

We will next consider the fourth and fifth grounds upon which the trial judge based his order granting respondent a new trial; namely, "Error in the assessment of the amount of recovery," and "Insufficiency of evidence to justify the verdict." In addition to their testimony that respondent's right of access upon primary state highway No. 18 was of no value, the witnesses, Eslick and Reeker, testified that, according to their estimations—looking at respondent's land as a farm unit in accordance with its present use, the total effect of relator's proposed action would be to reduce the market value of respondent's land by only $150 to $300. On the other hand, respondent called three expert witnesses, who testified that they had viewed respondent's land as potential commercial or residential property; that, in their opinion, relator's proposed action would reduce the value of the property by from $20,500 to $27,550.

The trial judge concluded that (1) in view of the testimony of respondent's witnesses, "the sum of $3,500.00 fixed by the jury as just compensation was inadequate and in error"; and (2) by failing to assign any value to respondent's right of access on primary state highway No. 18, relator "has failed to sustain the burden of proof as to the just compensation to be paid Loretta G. McKenzie as the result of the taking in both of the above numbered causes."

The most that can be said of these two. last-noted conclusions of the trial judge is that, in his opinion, the jury should have given more weight to the testimony of respondent's expert witnesses. The trial judge made no finding that the award granted by the jury was so low as to indicate passion or prejudice; nor did he find that the jury had made any error of arithmetic in calculating the amount of the award.

Since the adoption of that portion of Superior Court Rule 16, 34A Wn. (2d) 117 (now Rule of Pleading, Practice and Procedure 59.04W, RCW Vol. 0), requiring that definite reasons of law and fact be stated by a trial court in support of an order granting a new trial, our review of such an order which is grounded on inadequacy of the verdict has been directed to whether there was sufficient evidence to sustain the verdict of the jury. *McUne v. Fuqua* (1954), 45 Wn. (2d) 650, 277 P. (2d) 324. If there was sufficient evidence for that purpose, the trial court abused its discretion in granting a new trial on the ground of inadequacy of the verdict. *McUne v. Fuqua, supra.* In the instant case the jury's award to respondent of $3,500 is clearly within the limits of the conflicting evidence introduced by the respective parties relative to the issue of just compensation to be paid to respondent. In this respect, it is significant to note that the jury was given full and complete instructions as to the appropriate measure of compensation to be applied in a case of this type. Respondent took no exception to any of the instructions given by the trial court; hence, they became the law of the case. *Schneider v. Noel* (1945), 23 Wn. (2d) 388, 160 P. (2d) 1002. It would unnecessarily extend this opinion to set forth these instructions in full. However, it is particularly to be noted by instructions Nos. 8 and 9 that the jury was directed that, in determining just compensation, it should take into consideration "the uses and purposes for which the land is adapted or suitable;" further, by instruction No. 17, the jury was told that

" . . . In arriving at the fair market value of the property being appropriated in this case, you will con-

sider that, at the time of trial, the abutting owner has the right of ingress and egress from Primary Highway No. 18 and Secondary State Highway No. 11G to and from her property."

We find nothing in the reasons given by the trial court in support of its conclusion that "substantial justice has not been done" to sustain the granting of a new trial on that ground.

The order granting respondent Loretta McKenzie a new trial is, accordingly, reversed, and the cause remanded with directions to enter judgment for respondent in the amount of the jury's verdict.

HILL, ROSELLINI, FOSTER, and HUNTER, JJ., concur.

